

U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Assistant Director*

---

Washington, DC 20226
www.atf.gov

MAR 21 2017

90000:GM
5000

Mark Barnes, Esq.
Outside Counsel to SB Tactical, LLC
1350 Eye St. NW, Suite 260
Washington, D.C. 20005

    Re: Reversal of ATF Open Letter on the Redesign of "Stabilizing Braces"

Dear Mr. Barnes:

I am writing in response to your letter dated January 5, 2017, to Thomas Brandon, the Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on behalf of your client SB Tactical, LLC. Your letter requests that ATF reconsider its position articulated in ATF's *"Open Letter on the Redesign of 'Stabilizing Braces'"* issued on January 16, 2015 (hereafter, the "*Open Letter*"). The *Open Letter* made it clear that stabilizing braces are perfectly legal accessories for large handguns or pistols. However, when employed as a shoulder stock with a firearm with a barrel less than 18 inches in length, the result would be making an unregistered NFA firearm. Your letter challenges the legal correctness of this latter conclusion and asks that ATF disavow it. Since receiving your letter we have re-examined the conclusions contained in the *Open Letter*. Although we stand by those conclusions, we agree that the *Open Letter* may have generated some confusion concerning the analytical framework by which those conclusions were reached. Thank you for the opportunity to clarify our analysis.

## Background

As you are aware, the NFA, 26 USC § 5845, defines "firearm," in relevant part, as "a shotgun having a barrel or barrels of less than 18 inches in length" and "a rifle having a barrel or barrels of less than 16 inches in length." That section defines both "rifle" and "shotgun" as "a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder...." Pursuant to the plain language of the statute, ATF and its predecessor agency have long held that a pistol with a barrel less than 16 inches in length and an attached shoulder stock is an NFA "firearm."

**EXHIBIT 7**

-2-

Mark Barnes, Esq.

In 2012, ATF determined that a specific arm-stabilizing brace—marketed as "a shooter's aid" to assist in shooting large buffer tube equipped pistols—was not a shoulder stock and therefore could be attached to a firearm without that act constituting the making of an NFA firearm. Following this determination, the firearms industry and members of the public sought clarification on whether the stabilizing brace may lawfully be used as a shoulder stock. To respond to these inquiries, ATF published the January 2015 *Open Letter*. In that letter ATF confirmed its previous determination that the use of stabilizing braces, as designed, would not create a short-barreled rifle when attached to a firearm. ATF also advised, however, that because the stabilizing brace was not designed as a shoulder stock, "use" of the device as a shoulder stock would constitute a "redesign" of the firearm to which it was attached, resulting in the classification of that firearm as a short-barreled rifle.

Your letter asserts that ATF's analysis of "use" is untenable because the mere use of an otherwise lawfully possessed item for a purpose for which it was not designed does not constitute "redesign" as defined in the NFA. You support this argument with analogies involving items that are not firearms (*i.e.*, misuse of a screwdriver or hammer), and by distinguishing a prior ATF ruling, ATF Ruling 95-2, on which the *Open Letter* relies in its analysis of use. The unstated, but logical, result of your argument is that stabilizing braces, although designed, intended and marketed for use only to shoot from the arm, could be attached to a firearm and used as a shoulder stock without falling within the purview of the NFA. Under certain circumstances, such an absolute result is simply not consistent with the letter and intent of the NFA, as we illustrate in the next paragraph.

An accessory that can be attached to a firearm in any one of several configurations must be evaluated to determine whether attaching it in each of those configurations constitutes "making" an NFA firearm under both objective and subjective analyses. With respect to stabilizing braces, ATF has concluded that attaching the brace to a handgun as a forearm brace does not "make" a short-barreled rifle because in the configuration as submitted to and approved by FATD, it is not intended to be and cannot comfortably be fired from the shoulder. If, however, the shooter/possessor takes affirmative steps to configure the device for use as a shoulder-stock— for example, configuring the brace so as to permanently affix it to the end of a buffer tube, (thereby creating a length that has no other purpose than to facilitate its use as a stock), removing the arm-strap, or otherwise undermining its ability to be used as a brace – and then in fact shoots the firearm from the shoulder using the accessory as a shoulder stock, that person has objectively "redesigned" the firearm for purposes of the NFA. This conclusion is not based upon the mere fact that the firearm was fired from the shoulder at some point. Therefore, an NFA firearm has not necessarily been made when the device is not re-configured for use as a shoulder stock – even if the attached firearm happens to be fired from the shoulder.

-3-

Mark Barnes, Esq.

To the extent the January 2015 *Open Letter* implied or has been construed to hold that incidental, sporadic, or situational "use" of an arm-brace (in its original approved configuration) equipped firearm from a firing position at or near the shoulder was sufficient to constitute "redesign," such interpretations are incorrect and not consistent with ATF's interpretation of the statute or the manner in which it has historically been enforced.

In that regard, we also note that the "making" of an NFA firearm pursuant to 26 U.S.C. § 5821 includes the altering of an existing firearm such that, after the alteration, the firearm meets one of the enumerated descriptions in 26 U.S.C. § 5845(a), whether or not that alteration is permanent. So, for example, one "makes" a short-barreled shotgun subject to the NFA by replacing a 20 inch barrel with a 16 inch barrel, even though that configuration may not be permanent. Nothing in the NFA requires that the "making" be irreversible. Similarly, an item that functions as a stock if attached to a handgun in a manner that serves the objective purpose of allowing the firearm to be fired from the shoulder may result in "making" a short-barreled rifle, even if the attachment is not permanent. *See*, Revenue Ruling 61-45. The fact that the item may allow, or even be intended by its manufacturer for other lawful purposes, does not affect the NFA analysis.

Again, to the extent the *Open Letter* was confusing, we appreciate the opportunity to clarify our position. Thank you for your inquiry regarding this matter.

Sincerely,

Marvin G. Richardson
Assistant Director
Enforcement Programs and Services