

U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

Martinsburg, WV 25405

www.atf.gov

JAN 1 2 2017      907010:BAH mcf
                  3311/304511

Paul Reavis
Gear Head Works, LLC
P.O. Box 49
Christiana, TN 37037

Dear Mr. Reavis:

This is in reference to your correspondence, with enclosed samples, to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms Technology Industry Services Branch (FTISB). In your letter, you asked for a classification of a "forearm brace" as depicted in the accompanying photos. Specifically, you requested a review and determination of the technology for use on pistols as a support brace and not a shoulder stock.

As you may be aware, the amended Gun Control Act of 1968 (GCA), 18 U.S.C. § 921(a)(3), defines the term "firearm" to include: *any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive...[and]...the frame or receiver of any such weapon....*

Also, with respect to the definitions of "handgun" and "pistol" under Federal statutes and regulations, you may be aware that the GCA, 18 U.S.C. § 921(a)(29), defines "handgun" to mean, in part ...*a firearm which has a short stock and is designed to be held and fired by the use of a single hand....*

Additionally, 27 CFR § 478.11, a regulation implementing the GCA, defines "pistol" as ...*a weapon originally designed, made, and intended to fire a projectile (bullet) from one or more barrels when held in one hand, and having (a) a chamber(s) as an integral part(s) of, or permanently aligned with, the bore(s); and (b) a short stock designed to be gripped by one hand and at an angle to and extending below the line of the bore(s).*

Please note also that the GCA, 18 U.S.C. § 921(a)(7), defines the term "rifle" to include ...*a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder....*

**EXHIBIT 4**

Mr. Paul Reavis

Finally, the National Firearms Act (NFA), 26 U.S.C. § 5845(a)(3), defines "firearm" to include *...a rifle having a barrel or barrels of less than 16 inches in length....*

The FTISB evaluation revealed that the submitted components, enumerated below, incorporate the following physical characteristics:

**Submission 1:** A forearm brace made of a non-ferrous metal that incorporates a folding clamp type design which, when placed in the open position, is intended to provide support to the firing hand by providing additional leverage. This item is designed to attach to an AR-type buffer tube or similarly designed receiver extension.








Mr. Paul Reavis

Based on our evaluation, our Branch finds that the aforementioned submitted forearm brace assemblies, when attached to an AR-type pistol, do not convert that weapon to be fired from the shoulder and would not alter the classification of the subject pistol. While a pistol so equipped would still be regulated by the Gun Control Act, 18 U.S.C. § 921(a)(3), such a firearm would not be subject to the NFA controls. However, if a pistol utilizing the aforementioned items is fired from the shoulder, intent to design or redesign such a weapon is demonstrated.

Further, if the following assemblies, as evaluated by our Branch; are assembled to a pistol and *used* as a shoulder stock, in the designing, redesigning or making or remaking of a weapon to be fired from the shoulder, which incorporates a barrel length of less than 16 inches; this assembly would constitute the making of "a rifle having a barrel or barrels of less than 16 inches in length"; an NFA firearm as defined in 26 U.S.C. § 5845(a)(3).

We should remind you that the information found in correspondence from FTISB is intended only for use by the addressed individual or company with regard to a specific scenario(s) or item(s) described within that correspondence.

We recommend you communicate to the purchasers of the subject accessories to ensure an AR-type firearm assembled utilizing the aforementioned firearms accessories does not violate any State laws or local ordinances where they reside. For your convenience, a copy of the ATF-Open Letter on the Redesign of "Stabilizing Braces" is enclosed.

We caution that these findings are based on the samples as submitted. If the design, dimensions, configuration, method of operation, or materials used were changed, our determination would be subject to review.

The submitted samples will be returned to you under separate cover.

We trust that the foregoing has been responsive to your request for an evaluation. If we can be of any further assistance, please contact us.

Sincerely yours,

Michael R. Curtis
Chief, Firearms Technology Industry Services Branch