IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS, ) | |
| GUN OWNERS OF AMERICA, INC., ) | |
| GUN OWNERS FOUNDATION, and ) | |
| BRADY BROWN, ) | |
| ) | Case No. 6:23-cv-00013 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| BUREAU OF ALCOHOL, TOBACCO, ) | |
| FIREARMS AND EXPLOSIVES, UNITED ) | |
| STATES DEPARTMENT OF JUSTICE, and ) | |
| STEVEN M. DETTELBACH in his official ) | |
| capacity as the Director of ATF, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
AND INCORRECT ATF TESTIMONY**

Plaintiffs respectfully notify this Court of the Sixth Circuit's recent opinion in *Hardin v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 20-6380, 2023 WL 3065807 (6th Cir. Apr. 25, 2023), which underscores why Plaintiffs' statutory interpretation and rule of lenity arguments should prevail here.

The Sixth Circuit concluded that ATF's bump stock regulation was unlawful because the "relevant statutory scheme does not clearly and unambiguously prohibit bump stocks." *Id.* at *5. The Court likewise found it significant that ATF "has been on both sides of this issue," explaining that "ATF's own flip flop in its position" showed "the statute is 'subject to more than one reasonable interpretation.'" *Id.* at *1-*2. Because the statute was at least ambiguous with respect to bump stocks, lenity required that ATF's

1

regulation be set aside. *Id*. at *5. While the statute in *Hardin* required lenity because it was ambiguous and therefore susceptible of multiple definitions, the problem here is that braced pistols satisfy two different, unambiguous definitions—one of which is legal to possess unregistered, the other of which is not. Just as with the statute at issue before the Sixth Circuit, the rule of lenity demands that the Court read the statute here against potential criminal liability.

In addition, Plaintiffs file this notice to alert the Court to the ATF Director's recent erroneous congressional testimony on April 26, which likewise underscores why the rule of lenity should be applied here. Specifically, ATF Director Dettelbach recently testified to Congress that:

> We wrote the rule to make it easy to comply with. If somebody just, at their home, detaches the weapon from the brace and keeps them apart, uh, they do not have to register anything. They can keep the brace. They can keep the business end of the gun.[1]

But this testimony is contrary to the Rule, which instead provides, in relevant part, that persons can avoid the Rule's requirements only if they "permanently ***remove and dispose of***" of the brace or, at a minimum, "alter" the brace "such that it cannot be reattached." 88 Fed. Reg. at 6570 (emphasis added). The ATF Director was not correct that someone may simply "detach[] the weapon from the brace and keep them apart" and "not have to register anything." The Director's statements are material here because, if the ATF Director does not understand the operation of his own Rule, then ordinary citizens

---

[1] Video available at https://judiciary.house.gov/committee-activity/hearings/oversight-bureau-alcohol-tobacco-firearms-and-explosives-0 at 1:55:55–1:56:13.

2

cannot possibly be expected, under pain of criminal penalty, to understand and keep up with the ATF's ever-shifting interpretation of the statute.

Director Dettelbach also confirmed Plaintiffs' point (ECF 29 at 17) that ATF might reclassify a handgun *without* a stabilizing brace, but with a buffer tube, which is an indispensable part of the firing mechanism of many handguns, as a short-barreled rifle regulated by the NFA.[2]

---

[2] *Id*. at 1:57:34-1:58:30.

Dated April 28, 2023.

/s/ Stephen D. Stamboulieh
STEPHEN D. STAMBOULIEH
Mississippi Bar No. 102784
Southern District of Texas No. 3554925
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us

ANTHONY R. NAPOLITANO
Arizona Bar No. 034586
Southern District of Texas No. 3837680
Bergin, Frakes, Smalley & Oberholtzer, PLLC
4343 E. Camelback Road, Suite 210
Phoenix, Arizona 85018
(602) 848-5449
anapolitano@bfsolaw.com

GILBERT J. AMBLER
Virginia Bar No. 94325
Southern District of Texas No. 3834055
20 S. Braddock St
Winchester, VA 22601
(540) 550-4236
gilbert@amblerlawoffices.com

*Counsel for Plaintiffs Brady Brown, Gun Owners of America, Inc., and Gun Owners Foundation*

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

AARON F. REITZ
Deputy Attorney General for Legal Strategy
Texas Bar No. 24105704
Southern District of Texas No. 3653771

LEIF A. OLSON
Chief, Special Litigation Division
Texas Bar No. 24032801
Southern District of Texas No. 33695

/s/ Charles K. Eldred
CHARLES K. ELDRED
Special Counsel for Legal Strategy
Texas Bar No. 00793681
Southern District of Texas No. 20772

CHRISTINA CELLA
Assistant Attorney General
Texas Bar No. 24106199
Southern District of Texas No. 3355870

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700
Aaron.Reitz@oag.texas.gov
Leif.Olson@oag.texas.gov
Charles.Eldred@oag.texas.gov
Christina.Cella@oag.texas.gov

*Counsel for Plaintiff State of Texas*

4

## CERTIFICATE OF SERVICE

I certify that on April 28, 2023, I filed this motion through the Court's CM/ECF system, which automatically served it upon all counsel of record.

<u>/s/ Charles K. Eldred</u>
