IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS, ) <br> GUN OWNERS OF AMERICA, INC., ) <br> GUN OWNERS FOUNDATION, and ) <br> BRADY BROWN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BUREAU OF ALCOHOL, TOBACCO, ) <br> FIREARMS AND EXPLOSIVES, UNITED ) <br> STATES DEPARTMENT OF JUSTICE, and ) <br> STEVEN M. DETTELBACH in his official ) <br> capacity as the Director of ATF, ) <br> ) <br> Defendants. ) | Case No. 6:23-cv-00013 |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully notify this Court of the Fifth Circuit's recent order in *Mock v. Garland*, No. 23-10319 (5th Cir. May 23, 2023) (attached as Exhibit 1), which confirms that Plaintiffs' motion for preliminary injunction should be granted. A motions panel of the Fifth Circuit granted an injunction pending appeal against ATF's same rule challenged in this case, but it limited the scope of that injunction to the parties to that case. Nevertheless, the Fifth Circuit's order necessarily means that Plaintiffs are likely to succeed on the merits of their challenge to ATF's rule and, as Plaintiffs have shown, they too will suffer irreparable harm if the rule is not enjoined as to them as well.

On March 30, 2023, the district court in *Mock v. Garland* denied a preliminary injunction. This Court then asked for supplemental briefing on the impact of that denial

1

on Plaintiffs' motion for preliminary injunction. ECF #26. Plaintiffs explained in that briefing that the *Mock* plaintiffs raised only some of the arguments Plaintiffs are raising here, and that the *Mock* court incorrectly addressed them. ECF #34 at 2-9. Plaintiffs also explained that they are raising *additional* arguments here why the rule should be preliminarily enjoined that the *Mock* court did not address. *Id.* at 2.

On March 30, 2023, the *Mock* plaintiffs noticed an appeal. Because the amnesty/registration period in ATF's rule is scheduled to expire on May 31, the *Mock* plaintiffs filed a motion for injunction pending appeal on May 17, 2023. Plaintiffs here then filed an amicus brief in support of the *Mock* plaintiffs' motion, emphasizing why the *Mock* plaintiffs were correct about the arguments they presented that overlapped with those Plaintiffs have presented here. Amicus Br. in Supp. of Injunction Pending Appeal at 4-6. Plaintiffs additionally explained to the Fifth Circuit in that amicus brief that there are other unique arguments (that Plaintiffs have also presented here) why ATF's rule is unlawful. *Id.* at 7-10.

On May 23, 2023, the Fifth Circuit issued an injunction pending appeal in *Mock*. That injunction necessarily means that the *Mock* plaintiffs showed a strong likelihood of success on the merits. *See Whole Woman's Health v. Jackson*, 13 F.4th 434, 441 (5th Cir. 2021). Because the *Mock* plaintiffs briefed materially the same arguments in their motion that Plaintiffs have briefed here,[1] that means Plaintiffs here have likewise showed a strong

---

[1] *Compare Mock* Plaintiffs' Mot. for Injunction Pending Appeal at 8-13 (Second Amendment argument) *with* ECF #16 at 12-13 & ECF # 29 at 13-26 (same); *compare also Mock* Plaintiffs' Mot. for Injunction Pending Appeal at 13-18 (rule of lenity argument) *with* ECF # at 9-12 (same).

2

likelihood of success on the merits warranting a preliminary injunction. Indeed, the *Mock* plaintiffs' reply in support of their motion for injunction pending appeal repeatedly cited the amicus brief as support for core merits arguments. *See*, *e.g.*, *Mock* Plaintiffs' Reply in Supp. of Injunction Pending Appeal at 5 (citing "Texas Br." for "voluminous historical evidence" supporting Second Amendment argument); *id.* at 6 n.5 (citing "Texas Br." for point that ATF has "ignore[d] [its] own long-held position" about stabilizing braces).

In addition, the *Mock* injunction necessarily means that ATF's rule will cause irreparable harm if not enjoined. *See Whole Woman's Health*, 13 F.4th at 441. The Fifth Circuit's order, however, enjoins the rule only as to the parties in that case. This Court should grant a preliminary injunction that extends, at a minimum, to the parties *here* (including the members and supporters of the organizational plaintiffs), because they will likewise experience irreparable harm if the rule is not enjoined. Specifically, just like the *Mock* plaintiffs, the Plaintiffs here have an individual member who is himself directly subject to the rule. *See* ECF #1 at ¶4. The other Plaintiffs here likewise will suffer irreparable harm absent an injunction, as explained in the preliminary injunction papers. ECF #16 at 22-24; ECF #29 at 29-32. Indeed, the *Mock* plaintiffs extensively cited to Plaintiffs' briefing to explain why the ATF rule would cause irreparable harm. *See Mock* Plaintiffs' Reply in Supp. of Mot. for Injunction Pending Appeal at 8-10. The Fifth Circuit may well have accepted the *Mock* plaintiffs' irreparable harm arguments for the exact same reasons Plaintiffs have explained that they will likewise experience irreparable harm. At a

3

minimum, the *Mock* injunction pending appeal strongly suggests that Plaintiffs' parallel and overlapping arguments on irreparable harm here are meritorious.

In sum, the *Mock* injunction pending appeal underscores why a preliminary injunction is warranted here. And the *Mock* injunction pending appeal makes a preliminary injunction necessary because the *Mock* injunction extends only to the parties in that case.

Dated May 23, 2023.

/s/ Stephen D. Stamboulieh
STEPHEN D. STAMBOULIEH
Mississippi Bar No. 102784
Southern District of Texas No. 3554925
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us

ANTHONY R. NAPOLITANO
Arizona Bar No. 034586
Southern District of Texas No. 3837680
Bergin, Frakes, Smalley & Oberholtzer, PLLC
4343 E. Camelback Road, Suite 210
Phoenix, Arizona 85018
(602) 848-5449
anapolitano@bfsolaw.com

GILBERT J. AMBLER
Virginia Bar No. 94325
Southern District of Texas No. 3834055
20 S. Braddock St
Winchester, VA 22601
(540) 550-4236
gilbert@amblerlawoffices.com

*Counsel for Plaintiffs Brady Brown, Gun Owners of America, Inc., and Gun Owners Foundation*

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

LEIF A. OLSON
Chief, Special Litigation Division
Texas Bar No. 24032801
Southern District of Texas No. 33695

/s/ Charles K. Eldred
CHARLES K. ELDRED
Special Counsel for Legal Strategy
Texas Bar No. 00793681
Southern District of Texas No. 20772

CHRISTINA CELLA
Assistant Attorney General
Texas Bar No. 24106199
Southern District of Texas No. 3355870

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700
Aaron.Reitz@oag.texas.gov
Leif.Olson@oag.texas.gov
Charles.Eldred@oag.texas.gov
Christina.Cella@oag.texas.gov

*Counsel for Plaintiff State of Texas*

**CERTIFICATE OF SERVICE**

I certify that on May 23, 2023, I filed this motion through the Court's CM/ECF system, which automatically served it upon all counsel of record.

/s/ Charles K. Eldred