# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

May 26, 2023

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

   No. 23-10319    Mock v. Garland
              USDC No. 4:23-CV-95

Enclosed is an order entered in this case.

                             Sincerely,

                             LYLE W. CAYCE, Clerk

                             By: _____
                             Lisa E. Ferrara, Deputy Clerk
                             504-310-7675

Mr. Ryan Baasch
Mr. Richard Brent Cooper
Mr. Erik Scott Jaffe
Mr. Sean Janda
Mr. Benjamin Lewis
Mr. Jody Dale Lowenstein
Ms. Karen S. Mitchell
Mr. Joshua James Prince
Mr. Stephen Dean Stamboulieh
Mr. Cody J. Wisniewski
Ms. Abby Christine Wright

# United States Court of Appeals for the Fifth Circuit

———————

No. 23-10319

———————

William T. Mock; Christopher Lewis; Firearms Policy Coalition, Incorporated, *a nonprofit corporation*; Maxim Defense Industries, L.L.C.,

*Plaintiffs—Appellants*,

*versus*

Merrick Garland, *U.S. Attorney General, in his official capacity as Attorney General of the United States*; United States Department of Justice; Bureau of Alcohol, Tobacco, Firearms, and Explosives; Steven Dettelbach, *in his official capacity as the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-95

———————————————————————

ORDER:

IT IS ORDERED that appellants' opposed motion for clarification of the motion panel's May 23, 2023, order is GRANTED.

The motions panel majority ordered that "Appellants' Opposed Motion For a Preliminary Injunction Pending Appeal is GRANTED *as to the Plaintiffs in this case*." (Emphasis added.) On May 23, the appellants

moved for clarification of the meaning and scope of the italicized language. As the merits panel that will be hearing oral arguments on June 29, 2023, we provide that clarification now.

This clarification is granted essentially for the reasons concisely set forth in the May 25, 2023, Plaintiffs-Appellants' Reply to Their Opposed Motion for Clarification of Injunction Pending Appeal. There, the appellants acknowledge that "[a]lthough a nationwide injunction would have functionally addressed the question of scope, on which Plaintiffs now seek clarity, Plaintiffs understand that one was not given . . . . Instead, Plaintiffs merely request clarification on whether their reading of the term 'Plaintiffs' to include the customers and members whose interests Plaintiffs Maxim Defense and Firearms Policy Coalition ('FPC') have represented since day one of this litigation is correct."

That reading is correct. Also as requested, the term "Plaintiffs in this case" includes the individual plaintiffs' resident family members.

Any relief beyond what is explicitly requested, which arguably would be tantamount to a nationwide injunction, is DENIED.

Nothing in this order is to be construed as a comment on the merits of any issue that this panel may ultimately address. The limited purpose of this clarification is to preserve the *status quo ante* to provide what the agency defendants term "complete relief" to the parties and persons within the reasonable scope of the motion panel's injunction pending appeal. *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979).[*]

---

[*] One member of the merits panel would not clarify the motion panel's order to extend the injunction to "customers." The motion panel's injunction was limited "to the Plaintiffs in this case." There is no authority in the motion panel's order to extend the injunction to an infinite number of non-parties to this case on the theory that, for full relief to be afforded to the plaintiffs, the plaintiffs must be permitted to sell products to an

No. 23-10319

Lᴙʟᴇ W. Cᴀʏᴄᴇ, *Clerk*
United States Court of Appeals
for the Fifth Circuit
/s/ Lyle W. Cayce

ENTERED AT THE DIRECTION OF THE COURT

---

undefined set of downstream purchasers. Full adversary briefing will assist us to confirm
our court's equitable powers under the Constitution.