United States District Court
Southern District of Texas
Victoria Division

STATE OF TEXAS, *et al.*,
    Plaintiffs,

v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES, *et al.*,
    Defendants.

No. 6:23-cv-00013

### TEXAS'S SUPPLEMENTAL BRIEF ON MATTERS DISCUSSED AT THE MAY 25 STATUS CONFERENCE

The State of Texas submits this supplemental brief pursuant to the Court's May 25, 2023 order to address how the State will be irreparably harmed in the absence of a preliminary injunction, an alternative to a preliminary injunction that would likewise afford Texas adequate relief, and the proper scope of an injunction.[1]

**I.   Texas is suffering multiple irreparable harms.**

The ATF's rule imposes irreparable harm on Texas in at least three respects.

**A.   Irreparable harm to Texas's sovereign interests.**

*First*, Texas will experience irreparable harm to its sovereign interest in maintaining and enforcing its own legal code in the manner it deems fit. *See* ECF 16 at 23. It is well-established that injuries to a State's sovereign interests establish irreparable harm. *See, e.g.*, *Kansas v. United States*, 249 F.3d 1213, 1227 (10th Cir. 2001) ("[T]he State of Kansas claims the [federal government's] decision places its

---

[1] The Fifth Circuit's injunction in *Mock v. Garland*, No. 23-10319 (May 23, 2023), leaves little doubt that Plaintiffs have a strong likelihood of success on the merits. If that were not so, the Fifth Circuit could not have issued its injunction. *Whole Woman's Health v. Jackson*, 13 F.4th 434, 441 (5th Cir. 2021) (per curiam). Moreover, the *Mock* plaintiffs briefed to the Fifth Circuit materially the same arguments that the Plaintiffs here have briefed in their motion for preliminary injunction. (Plaintiffs here have additionally briefed many more arguments).

1

sovereign interests and public policies at stake, we deem the harm the State stands to suffer as irreparable if deprived of those interests . . . .").

Harm to sovereign interests can come in many forms. Most obviously, a State's sovereign interests are irreparably harmed if the State is barred "from effectuating statutes enacted by representatives of its people." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers). So too, the federal government irreparably harms a State's sovereign interests when it "inver[ts]" traditional "federalism principles." *Texas v. EPA*, 829 F.3d 405, 434 (5th Cir. 2016); *see also Missouri v. Holland*, 252 U.S. 416, 431 (1920) (state injured because federal actions "invade[d] the sovereign right of the State and contravene its will manifested in statutes"). And a State's sovereign interests are also harmed if the federal government distorts the legal field in a way that "pressure[s]" the State "to change its law." *See Texas v. Becerra*, 577 F. Supp. 3d 527, 557 (N.D. Tex. 2021) (citing *Texas v. United States*, 787 F.3d 733, 752 n.38 (5th Cir. 2015)). That is one of the many reasons why courts in this Circuit have repeatedly found that lawless federal regulatory programs inflict irreparable harm on Texas.[2]

The ATF rule irreparably harms Texas by distorting applicable of Texas law, and thereby subverting ordinary federalism principles. Texas law has long stated that a person commits a criminal offense if he owns a "short-barrel firearm" not "registered" with ATF under the National Firearms Act. Tex. Penal Code

---

[2] *See, e.g.*, *Texas v. Becerra*, 575 F. Supp. 3d 701, 724 (N.D. Tex. 2021) (Kacsmaryk, J.) (preliminarily enjoining vaccination mandate that "would likely force [Texas] to administer a federal mandate that has a dubious statutory basis"); *Becerra*, 577 F. Supp. 3d at 557 (N.D. Tex. 2021) (Hendrix, J.) (preliminarily enjoining mask and vaccine mandates in federal Head Start program because they "increased pressure to amend, or least decline to enforce, Texas's laws"); *Texas v. Becerra*, 2022 WL 3639525, at *29 (N.D. Tex. Aug. 23, 2022) (Hendrix, J.) (preliminarily enjoining federal guidance on emergency care because of its "interference with the enforcement of Texas law").

§ 46.05(a)(1). That penalty does *not* apply, though, to weapons "not subject to [ATF]'s registration requirement." *Id.* When the Legislature enacted this requirement, there was no hint that ATF would stretch the National Firearms Act so far as to reach stabilizing braces, and so no hint that *State* law would reach those devices. Indeed, as the merits briefing shows, ATF has long promised the public that they could buy stabilizing braces for their pistols without triggering the National Firearms Act's registration requirements. And, in a remarkable bit of candor, ATF's rule preamble admitted that "there are no existing statutes . . . that explicitly regulate firearms equipped with 'stabilizing braces.'" Rule at 6559. The Texas Legislature necessarily thought the same thing when it enacted Penal Code Section 46.05(a)(1).

Now, as a result of ATF's rug pull, Texas's code is distorted in a way that the Legislature never intended. At a bare minimum, that distortion "increase[s] pressure to amend, or at least decline to enforce, Texas's laws." *Becerra*, 577 F. Supp. 3d at 557. Perhaps no surprise, then, that the Texas Legislature introduced legislation this year to remove the requirement to register short-barrel firearms. *See* Tex. H.B. 2705, 88th Leg., R.S. (2023). And the distortive effect of ATF's rule is particularly pronounced in Texas where the State Constitution has been interpreted to give the State's dozens of district attorneys full independence to determine when and how to prosecute this law. *See State v. Stephens*, 63 S.W.3d 45 (Tex. Ct. Crim. App. 2021).

### B. Irreparable harm to Texas's quasi-sovereign interests.

*Second*, Texas will experience irreparable harm to its interest in preserving the health and well-being of its residents. ECF 16 at 23. This Court accepted a similar claim of irreparable harm in the immigration prioritization litigation, currently on review in the Supreme Court. *Texas v. United States*, 555 F. Supp. 3d 351, 436

3

(S.D. Tex. 2021) (injuries to State's "law enforcement and public safety interests"); *see also Texas v. Biden*, 589 F. Supp. 3d 595, 621 (N.D. Tex. 2022) (Pittman, J.) (similar in litigation regarding federal exemption for unaccompanied migrant children from certain border entry rules). Specifically, many Texas residents rely on stabilizing braces in order to capably bear a pistol. ATF knows this, because many commenters explained to it that "persons with disabilities or with limited mobility or strength" rely on these devices. Rule at 6556. Indeed, that is a key underlying motivation for a recent congressional proposal to invalidate this rule. *See, e.g.*, Press Releases, *Kennedy, Marshall, Clyde introduce resolution to stop Biden admin from turning lawful gunowners into felons with pistol brace rule* (Mar. 15, 2023) ("A pistol brace is a stabilizer that serves as a gun accommodation to help veterans with disabilities more safely handle a pistol.").[3] Texas has a strong interest in these persons' safety, both in their safe handling of their pistols and in their ability to use their pistols for self-defense. In addition, it is hard to imagine a stronger interest in the well-being of a State's residents than to protect them from being summarily converted into felons by a federal agency administering a statute that it had formerly claimed *meant the opposite* of what it now says.[4]

---

[3]   https://www.kennedy.senate.gov/public/2023/3/kennedy-marshall-clyde-introduce-resolution-to-stop-biden-admin-from-turning-lawful-gunowners-into-felons-with-pistol-brace-rule.

[4]   *Government of Manitoba v. Bernhardt*, 923 F.3d 173 (D.C. Cir. 2019), does not hinder the State's use of this type of injury to establish irreparable harm. That case is just an application of the Supreme Court's so-called "*Mellon* bar," *id.* at 180, *see Massachusetts v. Mellon*, 262 U.S. 447 (1923). The *Mellon* Court concluded Massachusetts suffered no cognizable injury when it challenged a federal "statute [that] impose[d] no obligation" or "burden" on Massachusetts. The statute instead "simply extend[ed] an option"—funding—"which the state [wa]s free to accept or reject." 262 U.S. at 480. That is far afield from this situation, where the federal government is proposing to convert Texans into felons, to put restrictions on their ability to defend themselves, and to warp how Texas's own law operates on these gun owners.

### C. Irreparable harm from unrecoverable compliance costs.

*Third*, Texas's costs complying with the ATF rule are irreparable. "[C]omplying with a regulation later held invalid almost always produces the irreparable harm of nonrecoverable compliance costs." *Texas v. EPA*, 829 F.3d at 433. Any Texas law enforcement agency that owns stabilizing braces will have to register them. ATF has admitted this, and has admitted that the registration process itself is costly. Rule at 6567 & n.171. As Texas acknowledged at the hearing, it has not introduced a declaration delineating specific costs from this burden. But declarations are not mandatory—"the agency's own factfinding" can support harm, and so too, common sense suppositions about how the world works, like "the basic laws of economics." *Competitive Enter. Inst. v. FCC*, 970 F.3d 372, 382 (D.C. Cir. 2020). ATF's admission that at a minimum three million attached braces are in circulation, Rule at 6560, coupled with the sheer size of Texas law enforcement,[5] shows as a common sense matter that Texas is highly likely either now or in the future to incur compliance costs as a result of the rule. *Accord Louisiana v. Biden*, 55 F.4th 1017, 1034–1035 (5th Cir. 2022) (relaxing need for "accurate prediction" of numerical effect when sheer number of potentially affected State resources and persons was large).

## II. The Court can pretermit the need to determine irreparable harm by proceeding to a final merits determination.

*Alternatively*, the Court could consolidate its preliminary injunction consideration with a "trial on the merits." Fed. R. Civ. P. 65(a)(2). Because most APA cases, like this one, are resolved at summary judgment, consolidation is often a particularly attractive option once the parties have already submitted merits

---

[5] Texas has nearly 80,000 peace officers. *See* Tex. Commn. on Law Enft., *Current Statistics* (visited May 26, 2023), https://www.tcole.texas.gov/content/current-statistics.

briefing (as they have done here). *See Brown v. U.S. Dept. of Educ.*, 2022 WL 16858525, at *4–5 (N.D. Tex. Nov. 10, 2022) (Pittman, J.); *see also Teva Pharms. v. FDA*, 441 F.3d 1, 3 (D.C. Cir. 2006) (court consolidated party's "motion for preliminary injunction" in APA case with "final decision on the merits"; treating the preliminary injunction motion as "akin to a motion for summary judgment" (alterations omitted)).

Here, many of Plaintiffs' arguments do not rely on the administrative record or any other form of record development. Most notably, the statutory-interpretation argument—one of the two arguments the *Mock* plaintiffs pressed in their motion for injunction pending appeal—can be resolved without any factual development whatsoever, and Defendants could not plausibly claim they would be prejudiced by such a consolidation. So too, it is likely that the Court could resolve Plaintiffs' tax power arguments without the need for any development. And, although the Second Amendment analysis may benefit from more detailed briefing on 17th and 18th Century practice, Plaintiffs submit that the overwhelming historical evidence, including the voluminous historical weapons displayed in Plaintiffs' complaint (at ¶¶ 290–96), are enough for a merits ruling on the Second Amendment.

### III. Preventing harm to Texas requires a statewide injunction.

That leaves the question of the scope of an injunction. To vindicate Texas's interests, the injunction must extend across Texas's "sovereign borders." *Texas v. EPA*, 2023 WL 2574591, at *5-6, *13 (S.D. Tex. Mar. 19, 2023) (Brown, J.) (Statewide injunction based on harm to "quasi-sovereign interests" and also "compliance costs"; where scope of the injunction facially prevented enforcement against State and private parties alike). In other words, ATF must be enjoined from enforcing its rule in Texas. *See, e.g.*, *Louisiana v. Becerra*, 20 F.4th 260, 264 (5th

Cir. 2021) (staying nationwide injunction of COVID-19 vaccine mandate, but leaving it in force as "to the 14 Plaintiff States").

| | |
|---|---|
| Dated May 30, 2023. | Respectfully submitted, |
| BRENT WEBSTER<br>First Assistant Attorney General<br>Performing the Duties of the Attorney General | LEIF A. OLSON<br>Chief, Special Litigation Division<br>Texas Bar No. 24032801<br>Southern District of Texas No. 33695<br>Leif.Olson@oag.texas.gov |
| GRANT DORFMAN<br>Deputy First Assistant Attorney General | /s/ Charles K. Eldred<br>CHARLES K. ELDRED<br>Special Counsel for Legal Strategy<br>Texas Bar No. 00793681<br>Southern District of Texas No. 20772<br>Charles.Eldred@oag.texas.gov |
| RALPH MOLINA<br>Deputy Attorney General for Legal Strategy | |
| OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>(512) 936-1706 | CHRISTINA CELLA<br>Assistant Attorney General<br>Texas Bar No. 24106199<br>Southern District of Texas No. 3355870<br>Christina.Cella@oag.texas.gov |
| | *Counsel for Plaintiff State of Texas* |

### CERTIFICATE OF SERVICE

I certify that on May 30, 2023, I filed this supplemental brief through the Court's CM/ECF system, which automatically served it upon all counsel of record.

/s/ Charles K. Eldred