United States District Court
Southern District of Texas
Victoria Division

STATE OF TEXAS, *et al.*,
    Plaintiffs,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, *et al.*,
    Defendants.

No. 6:23-cv-00013

### TEXAS'S REPLY BRIEF ON MATTERS DISCUSSED AT THE MAY 25 STATUS CONFERENCE

Texas has explained that it suffers irreparable harm in three distinct respects: (1) Sovereign injury, ECF #45 at 1-3; ECF #16 at 23; (2) Quasi-sovereign injury, ECF # 45 at 3-4; ECF #16 at 23; and (3) Compliance costs, ECF #45 at 5; ECF #16 at 23-24. Defendants' brief addressing matters discussed at the May 25, 2023 status conference contends, as regards Texas, only that the State lacks standing to sue as *parens patriae*. That is categorically irrelevant to Texas's sovereign and compliance cost injuries. And it is wrong as regards Texas's quasi-sovereign injury.

The Supreme Court comprehensively distinguished these separate forms of injury in *Alfred L. Snapp & Son v. Puerto Rico*, 458 U.S. 592 (1982), and explained that, of the three, *parens patriae* standing implicates only quasi-sovereign interests. By contrast, States have clear standing to assert "*[s]overeign* interests"—such as "the power to create and enforce a legal code," *id.* at 601 (emphasis added), and so Texas's sovereign interest in preventing the ATF rule's distortion of Texas law indisputably injures Texas, *see* ECF # 45 at 1-3 (explaining how the ATF rule distorts Texas's penal code, and pressures Texas to change its law). So too, States have obvious standing when they suffer "proprietary" harms, *Alfred L. Snapp*, 458 U.S. at 601-02, such as a "pocketbook injury that is incurred by the state itself." *Air All. Houston v. EPA*, 906 F.3d 1049, 1059-60 (D.C. Cir. 2018). Necessarily, Texas

1

is injured by the compliance costs ATF's rule imposes. ATF's supplemental brief ignores these two irreparable harms to Texas.

Admittedly, Texas's quasi-sovereign interest in ensuring that persons are able to continue using braces to safely handle pistols, ECF #45 at 4, is not as neatly resolved as its sovereign and proprietary injuries. "Quasi-sovereign interests stand apart from" these two injuries. *Alfred L. Snapp*, 458 U.S. at 602. But ATF is mistaken to argue that this is a non-justiciable *parens patriae* injury. *Parens patriae* suits against the federal government are forbidden when the State merely seeks to act "as the *representative* of its citizens" in court. *Massachusetts v. Mellon*, 262 U.S. 447, 485 (1923). States cannot nakedly "enforce [citizens'] rights in respect of their relations with the federal government." *Id.* at 486. For example, a State cannot sue the federal government "to protect her citizens from the operation of federal statutes." *Massachusetts v. EPA*, 549 U.S. 497, 520 n.17 (2007). Thus, a State may not be able to allege cognizable injury on the bare fact that federal law discriminates against, or denies benefits to, the State's residents. *See Alfred L. Snapp*, 458 U.S. at 608, 610 n.16 (so concluding in dicta).

Here, however, Texas's quasi-sovereign injury is justiciable because Texas is not merely seeking to protect its citizens, it is also seeking to assert "its [own] rights under the" Administrative Procedure Act.[1] *Massachusetts*, 549 U.S. at 520 n.17; *see also Texas v. United States*, 555 F. Supp. 3d 351, 380 (S.D. Tex. 2021). One

---

[1] The relatively recent increase in State suits against the federal government is largely a byproduct of the Administrative Procedure Act's generous waiver of sovereign immunity and allowance for federal court resolution of these suits. 5 U.S.C. § 702. The Executive branch's frequent complaints about State suits are traceable to that development, *accord Massachusetts*, 549 U.S. at 520 n.17, a legal development over which the Executive branch has no control. It is not a byproduct, as they would have it, of judicial misapplications of standing doctrine. *Accord, e.g.*, *Missouri v. Holland*, 252 U.S. 416, 431 (1920) (State had standing to sue federal government "to assert the alleged quasi sovereign rights of [the] State").

such right is for Texas to prevent and mitigate "criminal activity" within its borders. *Id.* at 378. That is a logical corollary to Texas's interests in avoiding sovereign and compliance cost injuries. For example, ATF's rule *creates* criminal activity within Texas's borders through its distortion of Texas's legal code. And, in addition to compliance costs, ATF's rule will impose costs on the State to deal with the fallout of this new creation of criminal activity. Texas also experiences ripple-effect injuries from the rule based on how citizens will respond. Some who rely on braces to safely bear their pistols will logically no longer be able to use those braces, and so not be able to as capably defend themselves from criminals, or as safely use their pistols in other settings. And the State will be forced to deal with the fallout when tragedies occur. All of that is more than sufficient to give Texas a concrete stake in this issue. *See, e.g.*, *id.* at 379-80.

In all events, as Texas has explained, ECF #45 at 5-6, the Court can just proceed to the merits and vacate ATF's rule under 5 U.S.C. § 706 on at least Texas's statutory authority or constitutional claims. The Court has power to do this. *Texas v. DHS*, 2023 WL 2842760 at *1 (S.D. Tex. Apr. 7, 2023). And, because ATF cannot plausibly be prejudiced by this outcome, the Court is not required to give ATF notice of this option. *Wohlfahrt v. Mem'l Med. Ctr.*, 658 F.2d 416, 418 (5th Cir. 1981); *Brown v. U.S. Dep't of Educ.*, 2022 WL 16858525, at *5 (N.D. Tex. Nov. 10, 2022) (explaining, in analogous setting, how federal defendant would not have valid basis to object to consolidation).

Dated May 31, 2023.

BRENT WEBSTER
First Assistant Attorney General
Performing the Duties of the Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General for Legal Strategy

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700

Respectfully submitted,

LEIF A. OLSON
Chief, Special Litigation Division
Texas Bar No. 24032801
Southern District of Texas No. 33695
Leif.Olson@oag.texas.gov

/s/ Charles K. Eldred
CHARLES K. ELDRED
Special Counsel for Legal Strategy
Texas Bar No. 00793681
Southern District of Texas No. 20772
Charles.Eldred@oag.texas.gov

CHRISTINA CELLA
Assistant Attorney General
Texas Bar No. 24106199
Southern District of Texas No. 3355870
Christina.Cella@oag.texas.gov

*Counsel for Plaintiff State of Texas*

### CERTIFICATE OF SERVICE

I certify that on May 31, 2023, I filed this supplemental brief through the Court's CM/ECF system, which automatically served it upon all counsel of record.

/s/ Charles K. Eldred