IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS, ) <br> GUN OWNERS OF AMERICA, INC., ) <br> GUN OWNERS FOUNDATION, and ) <br> BRADY BROWN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BUREAU OF ALCOHOL, TOBACCO, ) <br> FIREARMS AND EXPLOSIVES, UNITED ) <br> STATES DEPARTMENT OF JUSTICE, and ) <br> STEVEN M. DETTELBACH in his official ) <br> capacity AS THE DIRECTOR OF ATF, ) <br> ) <br> Defendants. ) | Case No. 6:23-cv-00013 |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY

Defendants have moved to stay this matter pending the Fifth Circuit's ruling in the related expedited appeal in *Mock v. Garland*, No. 23-10359, noting that this Court stated, "the resolution of that appeal will almost certainly affect" how the Court decides this case. ECF 58 (motion to stay) at 1 (quoting the Court's Order, ECF 51 at 3). But the Court also noted that "Plaintiffs here raise some arguments that were not raised in *Mock*." ECF 51 at 3. Defendants fail to acknowledge that this case includes arguments that were not made in *Mock*. Plaintiffs informed the Fifth Circuit of some of those additional arguments in their *Mock* amicus brief:

> First, the Second Amendment does not permit ATF's "mother-may-I" approach to gun ownership. That is most especially true for weapons, like those at issue here, which closely resemble weapons that were ubiquitous at the Founding. Second, the NFA is an exercise of Congress's taxing power—which means that, when ATF

1

> operationalizes the statute, its rules cannot employ the "characteristics of regulation and punishment." *Dep't of Revenue of Mont. v. Kurth Ranch*, 511 U.S. 767, 779 (1994). But ATF's discretionary registration scheme does just that, denying some persons approval *irrespective of their willingness to pay the tax*, and then subjecting them to criminal prosecution. Third, the Brace Rule creates serious Fifth Amendment problems, forcing persons who already own stabilizing braces to admit to conduct that ATF now declares to have been criminal all along.[1]

*Mock* (ECF No. 109-1) at 12. Plaintiffs further noted, "[i]f the Court rejects [the *Mock*] Appellants' arguments [in *Mock*], presumably it still would have to address amici's independent arguments in any appeal in [this] case." *Id*. at 12 n.2.

These independent arguments raise significant issues of first impression that the Fifth Circuit may not address in *Mock*. These arguments may be the subject of a future appeal of this case, regardless of how the Fifth Circuit rules in *Mock*. Plaintiffs anticipate filing a motion for summary judgment which will include these arguments after Defendants file an answer or other response to this case (currently due two weeks after any stay is lifted or two weeks after the Court denies Defendants' motion to dismiss; ECF 60). Consequently, the Court should deny Defendants' motion to stay.

In any event, due to the Fifth Circuit's greatly expedited treatment of the *Mock* appeal, it can be expected that, even absent a stay, this Court would have the benefit of the Fifth Circuit's opinion in that case as it decides a summary judgment motion here. In other words, there is no need to grant a stay to await an opinion that already appears to be forthcoming.

---

[1] Only the private amici—not Texas—advance these Fifth Amendment arguments.

Respectfully submitted,

/s/ Stephen D. Stamboulieh
STEPHEN D. STAMBOULIEH*
Mississippi Bar No. 102784
Southern District of Texas No. 3554925
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us

ANTHONY R. NAPOLITANO*
Arizona Bar No. 034586
Southern District of Texas No. 3837680
Bergin, Frakes, Smalley & Oberholtzer, PLLC
4343 E. Camelback Road, Suite 210
Phoenix, Arizona 85018
(602) 848-5449
anapolitano@bfsolaw.com

GILBERT J. AMBLER*
Virginia Bar No. 94325
Southern District of Texas No. 3834055
20 S. Braddock St
Winchester, VA 22601
(540) 550-4236
gilbert@amblerlawoffices.com

*Counsel for Plaintiffs Brady Brown, Gun Owners of America, Inc., and Gun Owners Foundation*

ANGELA COLMENERO**
Provisional Attorney General of Texas

RALPH MOLINA**
Deputy Attorney General for Legal Strategy

LEIF A. OLSON**
Chief, Special Litigation Division
Texas Bar No. 24032801
Southern District of Texas No. 33695

/s/ Charles K. Eldred
CHARLES K. ELDRED**
Chief, Legal Strategy Division
Texas Bar No. 00793681
Southern District of Texas No. 20772

CHRISTINA CELLA**
Assistant Attorney General
Texas Bar No. 24106199
Southern District of Texas No. 3355870

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700
Leif.Olson@oag.texas.gov
Charles.Eldred@oag.texas.gov
Christina.Cella@oag.texas.gov

**Counsel for Plaintiff State of Texas*

## CERTIFICATE OF SERVICE

I certify that on July 17, 2023, I filed this motion through the Court's CM/ECF system, which automatically served it upon all counsel of record.

/s/ Charles K. Eldred