IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*,<br><br>    *Defendants*. | Civil Action No. 6:23-cv-00013 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO STAY PROCEEDINGS**

Recognizing the considerable overlap between this case and the expedited appeal in *Mock v. Garland*, No. 23-10319 (5th Cir.), Defendants moved to stay proceedings in this matter pending the Fifth Circuit's resolution of that appeal. As explained in Defendants' motion, *see* Mot. to Stay Proceedings, ECF No. 58, the Fifth Circuit's decision in *Mock* will, in all likelihood, provide this Court and the parties with substantial guidance, if not a dispositive rule of decision, for resolving this case on the merits. A stay of proceedings to await that decision is thus amply justified, as three district courts have already determined in related cases. *See Second Amend. Found. v. ATF*, No. 3:21-cv-116, 2023 WL 4497266, at *1 (N.D. Tex. July 10, 2023); *Britto v. ATF*, No. 2:23-cv-19 (N.D. Tex.) ECF No. 61; *Mock v. Garland*, No. 4:23-cv-95 (N.D. Tex.), ECF No. 61.

Plaintiffs oppose Defendants' proposed stay, however. *See* Pls.' Opp. to Defs.' Mot. to Stay, ECF No. 61. But Plaintiffs do not meaningfully respond to Defendants' motion or offer any persuasive reason why a stay is unjustified. They do not dispute that the Fifth Circuit's decision in *Mock* will have significant ramifications for this case, and they concede that they will suffer no harm

1

from the proposed stay. Instead, Plaintiffs focus on matters wholly irrelevant to whether a stay of proceedings is warranted. Their arguments are unavailing and confirm that a stay should be entered.

*First*, Plaintiffs begin by pointing out that the Fifth Circuit's decision in *Mock* "may not address" all of their claims, given that they made certain arguments in this case "that were not made in *Mock*"—namely, that the rule challenged in both cases violates Congress's taxing authority and the Fifth Amendment right against self-incrimination.[1] *See* Opp. at 1–2. But that's beside the point. Contrary to what Plaintiffs suggest, to obtain a stay, Defendants need not demonstrate that *Mock* is legally *identical* to this case or that the Fifth Circuit's decision in that appeal will "settle every question of . . . law" raised by Plaintiffs' claims. *See Landis v. North American Co.*, 299 U.S. 248, 256 (1936). That has never been the standard by which courts determine the propriety of a stay pending resolution of independent proceedings. Rather, it is sufficient that the Fifth Circuit's decision in *Mock* will, "in all likelihood," "settle many" of the legal issues in this case and "simplify" others, *id.*, such that a stay will facilitate the orderly course of justice and conserve resources for both the Court and the parties. *See Second Amend. Found.*, 2023 WL 4497266, at *1 ("[W]hile Plaintiffs in this case raise some arguments not raised in *Mock*, the issues significantly overlap. Simply put, waiting for the Fifth Circuit's resolution of *Mock* will almost certainly avoid duplicative efforts and unnecessary litigation here."). Cases recognizing that two actions need not overlap entirely to justify a stay are legion, yet Plaintiffs do not address them. *See, e.g.*, *Washington v. Trump*, No. 17-cv-141, 2017 WL 2172020, at *2 (W.D. Wash. May 17, 2017) ("Where a stay is considered pending the resolution of another action, the court need not find that the two cases involve identical issues; a finding that the issues are substantially similar is sufficient to support a stay." (citing *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)); *Monaghan v. Sebelius*, No. 12-cv-15488, 2013 WL 3212597, at *1 (E.D. Mich. June 26, 2013)

---

[1] Plaintiffs' observation isn't quite accurate, as they submitted an amicus brief raising these very arguments in the *Mock* appeal and expect that the Fifth Circuit will address them. Opp. at 1–2.

2

(staying proceedings despite "potential differences" between cases because "the factual circumstances and central legal issues in both cases are substantially similar to those in this case"); *Univ. of Colo. Health Mem'l Hosp. v. Burwell*, No. 14-cv-1220, 2017 WL 535246, at *12 (D.D.C. Feb. 9, 2017) ("Because many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency."); *Kiakombua v. Wolf*, 498 F. Supp. 3d 1, 21 (D.D.C. 2020) (noting that the court stayed consideration of cross-motions for summary judgment "pending the D.C. Circuit's decision" in a case that "presented threshold issues concerning the meaning of various statutory terms under [a relevant statute], and substantially similar questions of law arise in the context of the present dispute" (cleaned up)).

*Second*, Plaintiffs suggest that a stay is unnecessary in any event, because they expect that the Court will "have the benefit of the Fifth Circuit's opinion in" *Mock* by the time the parties have briefed summary judgment. *See* Opp. at 2. But even assuming that's a fair assumption, it overlooks the utility of staying proceedings now: that both the Court and *the parties* will be sure to benefit from the Fifth Circuit's forthcoming guidance in all future proceedings. As already explained, *see* Mot. at 5–7, it is highly likely that the Fifth Circuit's decision in *Mock* will simplify and possibly eliminate issues that the parties would have to brief if litigation were to continue at this time. Requiring the parties to litigate issues that are under review in parallel appellate proceedings—and that the Fifth Circuit may soon resolve—would be a tremendous waste of time and resources. Moreover, awaiting a decision in *Mock* would allow the parties to rely on the most complete precedent in briefing the merits of Plaintiffs' claims, obviating the need for supplemental briefing once that decision is issued. Defendants' proposed stay would thus avoid the clear hardship of litigating future proceedings in this Court without the benefit of the Fifth Circuit's guidance on legal issues centrally important to this case— guidance that would likely clarify applicable standards and narrow (or potentially eliminate) many of

Case 6:23-cv-00013 Document 62 Filed on 07/24/23 in TXSD Page 4 of 5

the issues in dispute. Therefore, rather than risk having to potentially unravel and revisit proceedings in this case, the better course is to stay proceedings to await appellate instruction. *See* 16 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 3921.2 (3d ed. 2017) ("[T]he district court should—with help from the parties—consider the possibility that the issues framed on appeal may change the context of the matters presented for district-court action."); Mot. at 3–7 (collecting cases in accord).

*Finally*, it is puzzling that Plaintiffs would oppose Defendants' proposed stay, yet never suggest that they would suffer any harm as a result of it. In failing to do so, they concede a central issue informing the Court's consideration of Defendants' motion to stay proceedings. *See, e.g.*, *Brown v. McLane*, 807 F. App'x 410, 411 n.3 (5th Cir. 2020) ("By failing to respond to [the defendant's] argument . . . , [the plaintiff] has conceded the point.").

\*     \*     \*

For the reasons explained in Defendants' stay motion and elaborated on above, the Court should stay further proceedings pending the Fifth Circuit's resolution of the expedited appeal in *Mock*.

Dated: July 24, 2023    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

<u>/s/ Jody D. Lowenstein</u>
JODY D. LOWENSTEIN (MT Bar No. 55816869)
MICHAEL DREZNER (VA Bar No. 83836)
TAYLOR PITZ (CA Bar No. 332080)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

4

**CERTIFICATE OF SERVICE**

On July 24, 2023, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice