UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS,  )<br>GUN OWNERS OF AMERICA, INC.,  )<br>GUN OWNERS FOUNDATION, and  )<br>BRADY BROWN,  )<br>  )<br>    Plaintiffs,  )<br>  )<br>    v.  )<br>  )<br>BUREAU OF ALCOHOL, TOBACCO,  )<br>FIREARMS AND EXPLOSIVES, UNITED  )<br>STATES DEPARTMENT OF JUSTICE, and  )<br>STEVEN M. DETTELBACH in his official  )<br>capacity AS THE DIRECTOR OF ATF,  )<br>  )<br>    Defendants.  )  | Case No. 6:23-cv-00013 |

**PLAINTIFFS' STATUS REPORT**

This court ordered a status report by October 24, 2025 if "any party believes this case should not be dismissed...." Because Defendants appear to believe that they are free to continue to enforce the statutory interpretation underlying the Final Rule – even though the Rule has been vacated – Plaintiffs' claims are not moot and this case should not be dismissed. Rather, the Court should enter an injunction permanently preventing Defendants from ever enforcing their flawed legal theories against Plaintiffs.

On January 31, 2023, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") issued its Final Rule entitled "Factoring Criteria for Firearms with Attached 'Stabilizing Braces,'" 88 Fed. Reg. 6478 (Jan. 31, 2023) ("Rule"). Plaintiffs filed their Complaint for Declaratory and Injunctive Relief challenging the Rule soon after, on February 9, 2023. *See* ECF # 1. On March 6, 2023, Plaintiffs filed their Motion for Preliminary Injunction. *See* ECF # 14-2. On May 31,

2023, this Court granted in part Plaintiffs' Motion for Preliminary Injunction. *See Texas v. BATFE*, 2023 U.S. Dist. LEXIS 94291, at *7 (S.D. Tex. May 31, 2023). Then, on November 8, 2023, Judge Kacsmaryk granted a motion for preliminary injunction in a separate challenge to the Rule, also staying the Rule "in its entirety." *Britto v. BATFE*, 2023 U.S. Dist. LEXIS 200933, at *13 (N.D. Tex. Nov. 8, 2023). Finally, in yet another challenge to the Rule in *Mock v. Garland*, 2024 U.S. Dist. LEXIS 105230, at *18 (N.D. Tex. June 13, 2024), Judge O'Connor vacated the "Final Rule on the grounds that Defendants violated the APA's procedural requirements in promulgating it." However, Judge O'Connor did not enjoin Defendants, because "courts presume that the federal government will comply with its rulings...." *Id.*

That presumption ordinarily may be true. But in this case, subsequent activities by Defendants raise serious doubts about their willingness to comply with this or any other court's ruling. For starters, the Rule was vacated on procedural grounds – failure to constitute a logical outgrowth of a proposed rule – not a rejection of Defendants' underlying statutory interpretation. And without injunctive relief, Defendants are in a position to simulate enforcement of the Rule merely by reference to the underlying statutory scheme defining National Firearms Act-registered firearms. *See* 26 U.S.C. § 5845(a) ("firearm" defined as "a rifle having a barrel or barrels of less than 16 inches in length"). Thus, without a permanent injunction, the risk to Plaintiffs caused by Defendants' flawed legal theories remains.

For instance, in *United States v. Taranto*, Mr. Taranto was charged with unregistered possession of a short-barreled rifle, in violation of 26 U.S.C. §§ 5861(d) and 5845(a)(3).[1] However, Mr. Taranto's weapon was not a short-barreled rifle, but instead a pistol equipped with

---

[1] *See United States v. Taranto*, No. 1:23-cr-00229 (D.D.C. Feb. 14, 2024), ECF # 45 (Count One of Superseding Indictment).

a stabilizing brace.[2]  And *even after* the Rule was stayed in *Britto* and vacated in *Mock*, the government filed an "Opposition to [Taranto's] Motion to Dismiss Count One of the Indictment."[3] ("Opposition").  There, the government contended that Taranto's CZ Scorpion pistol was a "rifle" and "met the definition of 'firearm' as defined in 26 U.S.C. § 5845(a)."  Opposition at 11.  Defendants theorized that, because ATF's criminal report on Taranto's braced pistol did not "cite, rely on, or mention the ATF's 2023 rulemaking regarding stabilizing braces" (*id.* at 12), "no part of this prosecution relies on ATF's recent interpretation [sic] rule...."  *Id.* at 15.[4]  Instead, Defendants claimed they had relied "exclusively on the statute's plain terms" in prosecuting Taranto – even though both the logic used and the result reach mirrored the vacated Rule.[5]  As Defendants argued, "[n]either the *Britto* court nor any other court … has held the rule is an *incorrect interpretation* of the statute.  All the courts' holdings turn on purported defects with the rulemaking."  *Id.* at 16 n.1 (emphasis added).  Translation?  Defendants believe they may continue to enforce the substance of the Rule, by simply referring to the statute instead of the Rule.

Similarly, ATF sent an email to one of Plaintiffs' members, claiming that "Federal law requires a pistol with an attached stabilizing brace or stock be registered as a short barreled rifle (SBR)."  Exhibit 1, Email.  As in *Taranto*, that email theorized that ATF was "complying with the Court's order," which "does not prohibit enforcement of the National Firearms Act … or the Gun

---

[2] *See United States v. Taranto*, No. 1:23-cr-00229 (D.D.C. Sept. 6, 2024), ECF # 77-1 (ATF Report of Technical Examination).

[3] *See United States v. Taranto*, No. 1:23-cr-00229 (D.D.C. July 25, 2024), ECF # 73 (Opposition), available at https://storage.courtlistener.com/recap/gov.uscourts.dcd.257469/gov.uscourts.dcd.257469.73.0.pdf.

[4] *See also Watterson v. ATF*, No. 4:23-cv-00080 (E.D. Tex. Feb. 23, 2024), ECF # 58 ("Because the Rule is stayed nationwide, ATF is not enforcing it....").

[5] Count One was ultimately dismissed by the United States on April 16, 2025.  *See United States v. Taranto*, No. 1:23-cr-00229 (D.D.C. Apr. 16, 2025), ECF # 114 (Mot. to Dismiss).

Control Act...." *See* Exhibit 1.  Thus, notwithstanding ATF's promise that the "Final Rule 2021R-08F was set aside nationwide and has not been enforced,"[6] ATF appears still to be enforcing what it considers to be the "best understanding of the underlying statutory text...."  Opposition at 16.  And as Defendants candidly acknowledge, "ATF's enforcement of the statute will necessarily incorporate factors like those discussed in the rule." *Id.*  Again, the Rule has been enjoined, stayed, and even vacated by numerous courts.[7]  But Defendants believe that, since the Rule was vacated on *procedural* grounds, and no court "has held that the rule is an incorrect *interpretation* of the statute," any vacatur has no real effect.  Rather, Defendants' "interpretation of the statute" can move forward unimpeded, as if the Rule was still in effect.

Of course, Plaintiffs are not "'suing' a regulation.  Rather, … plaintiffs' suit [is] challenging 'one Government action that causes their harm: the [Government's] threatened enforcement of the [statute], through its implementing regulation." *Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 378 (5th Cir. 2022).  And so, even though the Rule has been vacated, Plaintiffs have not received all the relief they sought, and certainly not all the relief they need to be protected against Defendant's flawed reading of the statute.  Rather, Defendants seem intent on continuing to interpret the underlying statutes in parallel with the now-vacated Rule.  Thus, the likelihood of irreparable harm this Court found Plaintiffs to be suffering still exists.  So, until Defendants wash their hands of the statutory interpretation underlying the Rule, and until they are

---

[6] *See* https://www.atf.gov/rules-and-regulations/factoring-criteria-firearms-attached-stabilizing-braces.

[7] Interestingly enough, Defendants have rejected the power of courts to even vacate agency rules.  Former Solicitor General Prelogar recently argued to the Supreme Court that the "lower courts … have in our view been getting [vacatur] wrong." *See United States v. Texas*, No. 22-58, Oral Argument Transcript at 36.  Chief Justice Roberts' reply is telling: "Wow."  Available at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2022/22-58_4fc4.pdf#page=36.

4

enjoined from enforcing their flawed interpretation of the statute against Plaintiffs, the show must go on. To that end, Plaintiffs intend to seek leave of Court to conduct limited discovery on Defendants' continued enforcement of their underlying legal theories, and thereafter file a renewed request for permanent injunctive relief.

Dated October 24, 2025.

/s/ Stephen D. Stamboulieh
STEPHEN D. STAMBOULIEH
Mississippi Bar No. 102784
Southern District of Texas No. 3554925
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us

*Counsel for Plaintiffs Brady Brown, Gun Owners of America, Inc., and Gun Owners Foundation*

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

/s/ Christina Cella
CHRISTINA CELLA
Special Counsel for Legal Strategy
Texas Bar No. 24106199
Southern District of Texas No. 3355870

OFFICE OF THE ATTORNEY
GENERAL OF TEXAS
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700
Christina.Cella@oag.texas.gov

*Counsel for Plaintiff State of Texas*

**CERTIFICATE OF SERVICE**

I certify that on October 24, 2025, I filed this document or pleading through the Court's CM/ECF system, which automatically served it upon all counsel of record.

/s/ *Stephen D. Stamboulieh*