**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

STATE OF TEXAS, *et al.*,

    *Plaintiffs*,

    v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, *et al.*,

    *Defendants*.

Civil Action No. 6:23-cv-00013

**DEFENDANTS' MOTION TO DISMISS**

## INTRODUCTION

Plaintiffs filed this lawsuit three years ago to challenge a rule promulgated by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), *Factoring Criteria for Firearms With Attached "Stabilizing Braces,"* 88 Fed. Reg. 6478 (Jan. 31, 2023). That rule has since been universally vacated by another court in a separate lawsuit, and thus is no longer effective or enforceable. As a result, there is no longer any effective relief that this Court can grant to plaintiffs. This case is therefore moot and should be dismissed.

## BACKGROUND

In January 2023, ATF issued a rule that attempted to explain when a weapon equipped with a stabilizing brace is a short-barreled rifle under the National Firearms Act ("NFA") and the Gun Control Act ("GCA"). *Factoring Criteria for Firearms With Attached "Stabilizing Braces,"* 88 Fed. Reg. 6478 (Jan. 31, 2023) ("Rule"). Plaintiffs promptly challenged the Rule under the Administrative Procedure Act ("APA"), *see* Compl., ECF No. 1, and the parties filed dispositive cross-motions a year later, completing briefing in March 2024, *see* Pls.' MSJ, ECF No. 85; Defs.' MSJ, ECF No. 88.

Shortly thereafter, the United States District Court for the Northern District of Texas universally vacated the Rule in a separate lawsuit. *See Mock v. Garland*, 2024 WL 2982056 (N.D. Tex. June 13, 2024). Although initially challenged on appeal, the Rule's vacatur became final on July 25, 2025, when the Fifth Circuit dismissed the government's appeal pursuant to the parties' stipulation. *See Mock v. Bondi*, No. 24-10743 (5th Cir.), ECF No. 116.

## LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may challenge the Court's subject-matter jurisdiction either facially or factually. *Shields v. City of Houston*, 2024 WL 3448017, at *2 (S.D. Tex. July 17, 2024). A "facial" attack under Rule 12(b)(1) accepts the truth of the plaintiff's well-pleaded allegations but asserts that they are insufficient on their face to invoke federal jurisdiction. *Id.*

1

A "factual" attack, by contrast, contests the factual existence of subject-matter jurisdiction, typically based on evidence outside the pleadings, and the court may review extrinsic evidence without converting the motion into one for summary judgment. *Id.* In all cases, the party invoking a federal court's limited jurisdiction bears the burden of establishing that it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## ARGUMENT

Article III limits federal courts' jurisdiction to resolving actual "Cases" and "Controversies," not any dispute that happens to arise between two parties. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). An actual, ongoing controversy exists when there is a genuine dispute between adverse parties and the relief requested would have a real impact on those parties' legal interests. *DeOtte v. Nevada*, 20 F.4th 1055, 1064 (5th Cir. 2021). This "cradle-to-grave requirement" of federal jurisdiction "must be met in order to file a claim in federal court" and "must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011); *accord Freedom From Religion Found. v. Abbott*, 58 F.4th 824, 831 (5th Cir. 2023). So if at any stage of litigation "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," the "case becomes moot" and must be dismissed for lack of jurisdiction "[n]o matter how vehemently" a plaintiff may continue to "dispute the lawfulness of the conduct that precipitated the lawsuit." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted).

Often, a case will become moot as a result of events that occur during the course of litigation. *U.S. Navy SEALs 1–26 v. Biden*, 72 F.4th 666, 672 (5th Cir. 2023). "One way that happens is when a challenged policy is repealed" or otherwise terminates. *Id.*; *accord Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020) ("[A] case challenging a statute, executive order, or local ordinance usually becomes moot if the challenged law has expired or been repealed."); *see also Trump v. Hawaii*, 138 S. Ct. 377 (2017) (mem.) (instructing a lower court to dismiss as moot a case challenging an Executive Order

that was no longer effective). The Fifth Circuit has thus repeatedly held that, when a challenged government action terminates during the pendency of litigation, claims seeking prospective relief from the action's enforcement become moot. *See, e.g.*, *U.S. Navy SEALs*, 72 F.4th at 672–73; *Spell*, 962 F.3d at 179–80; *Freedom From Religion Found.*, 58 F.4th at 831–33; *Ass'n of Am. Phys. & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 395–96 (5th Cir. 2024).

Measured by these principles, this case is moot. Plaintiffs brought this lawsuit three years ago to challenge and seek relief from the Rule. *See* Compl. ¶¶ 465–540 (asserting eleven causes of action challenging only the Rule). But since then, the Rule has been universally vacated, *see Mock*, 2024 WL 2982056, at *5–6, meaning it has been "formally nullif[ied] and revoke[d]," *Data Mktg. Partnership v. DOL*, 45 F.4th 846, 859 (5th Cir. 2022); *accord Texas v. United States*, 126 F.4th 392, 418 (5th Cir. 2025) (universal vacatur "render[s] a challenged agency action 'void'" (citation omitted)). Therefore, at this point, plaintiffs are seeking to challenge a Rule that is no longer in effect and cannot be enforced, and thus cannot adversely affect any "legally cognizable interest" of plaintiffs, *see Freedom From Religion Found.*, 58 F.4th at 831; *Spell*, 962 F.3d at 179 ("Once the law is off the books, there is nothing injuring the plaintiff ...."). So what may have "started as a disagreement with consequences for both parties" has become "an abstract dispute with consequences for neither party"—the definition of mootness. *See Fialka-Feldman*, 639 F.3d at 713–14.

The fact that this Court can provide no "effectual relief" to plaintiffs underscores the mootness of this case. *See U.S. Navy SEALs*, 72 F.4th at 672. Plaintiffs seek only prospective relief from the Rule—*i.e.*, vacatur of the Rule and a permanent injunction prohibiting its enforcement. *See* Pls.' MSJ at 53. The problem is, there is no Rule—it's already been universally vacated, and thus no longer exists as a legal matter. *See Data Mktg.*, 45 F.4th at 859. There is therefore no action for this Court to vacate or enjoin. *See, e.g.*, *U.S. Navy SEALs*, 72 F.4th at 672 ("There is no need to enjoin policies that no longer exist."); *Spell*, 962 F.3d at 179 ("Once the law is off the books, there is nothing

3

injuring the plaintiff and, consequently, nothing for the court to do."); *Almaqrami v. Pompeo*, 933 F.3d 774, 783 (D.C. Cir. 2019) ("[C]ourts generally cannot declare unlawful or enjoin policies that are no longer in force."). Indeed, the Rule's vacatur provided plaintiffs with all the relief that this Court could have provided, "leaving [it] unable to provide relief beyond what" the district court in *Mock* "already gave." *See U.S. Navy SEALs*, 72 F.4th at 673; *accord, e.g.*, *Clark v. Governor of N.J.*, 53 F.4th 769, 776 (3d Cir. 2022) (dismissing as moot challenge to withdrawn policies given that their withdrawal gave the plaintiffs "the very relief sought").

Any request for declaratory relief is similarly moot. There is simply no harm attributable to the now-defunct Rule that plaintiffs can establish. And there is thus no dispute "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See Connell v. Shoemaker*, 555 F.2d 483, 486 (5th Cir. 1977) (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)); *Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (Federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.").

Plaintiffs nonetheless suggest that this case remains alive because this Court can still enjoin ATF from enforcing the "legal theories" "underlying" the Rule—namely, that at least some pistols equipped with stabilizing braces are short-barreled rifles under the NFA and the GCA. *See* Pls.' Status Report at 1, ECF No. 99. But plaintiffs brought this case under the APA, which does not permit a litigant to challenge, or a court to enjoin the enforcement of, legal theories divorced from final agency action. *See* 5 U.S.C. § 704; *see also Kewayfati v. Bondi*, --- F.4th ----, 2026 WL 100809, at *8 (5th Cir. Jan. 14, 2026) ("[J]urisdiction over APA claims depends on the presence of final agency action."). The only agency action challenged in this case was the Rule, which no longer exists as a legal matter. So, absent final agency action, this Court has no jurisdiction to opine on any legal theories or to grant plaintiffs relief therefrom. *See id.*

That this case is moot should not be a point of disagreement between the parties. Indeed, following the finality of the Rule's vacatur, nearly all plaintiffs that had existing challenges to the Rule have voluntarily dismissed their challenges. *See Britto v. ATF*, No. 2:23-cv-19 (N.D. Tex.), ECF No. 80; *Firearms Regul. Accountability Coal., Inc. v. Garland*, No. 1:23-cv-24 (D.N.D. 2023), ECF No. 144; *Miller v. Garland*, No. 1:23-cv-195 (E.D. Va.), ECF No. 52; *Nat'l Rifle Ass'n of Am. v. ATF*, No. 3:23-cv-1471 (N.D. Tex.), ECF No. 54; *Second Amend. Found. v. ATF*, No. 3:21-cv-116 (N.D. Tex.), ECF No. 129; *Tex. Gun Rts., Inc. v. ATF*, No. 4:23-cv-578 (N.D. Tex.), ECF No. 52; *Watterson v. ATF*, No. 4:23-cv-80 (E.D. Tex.), ECF No. 75. Like those cases, this case should proceed no further.

## CONCLUSION

The Court should dismiss this case as moot.

Dated: January 26, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
MT Bar No. 55816869
TAYLOR PITZ
CA Bar No. 332080
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF WORD COUNT

I certify that the foregoing document is 1,584 words, excluding the portions excepted by Local Rule 18(c).

## CERTIFICATE OF SERVICE

On January 26, 2026, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Jody D. Lowenstein
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice