UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS,<br>GUN OWNERS OF AMERICA, INC.,<br>GUN OWNERS FOUNDATION, and<br>BRADY BROWN,<br><br>    Plaintiffs,<br><br>    v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES, UNITED<br>STATES DEPARTMENT OF JUSTICE, and<br>DANIEL DRISCOLL,[1] in His Official Capacity<br>as ACTING DIRECTOR OF ATF,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 6:23-cv-00013 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

Plaintiffs State of Texas, Gun Owners of America, Inc., Gun Owners Foundation, and

Brady Brown hereby file this Response in Opposition to Defendants' Motion to Dismiss.

**INTRODUCTION AND SUMMARY**

In 2023, Defendants sought to reclassify millions of lawfully owned handguns equipped

with pistol stabilizing braces as short-barreled rifles onerously regulated under the National

Firearms Act of 1934 ("NFA"). This reclassification was not the product of new legislation. To

the contrary, Defendants unilaterally changed their interpretation of the law, codifying it in a

Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") rule entitled "Factoring Criteria

for Firearms with Attached 'Stabilizing Braces,'" 88 Fed. Reg. 6478 (Jan. 31, 2023) ("Rule").

---

[1] Acting Director Daniel Driscoll is automatically substituted pursuant to Fed. R. Civ. P. 25(d).

Plaintiffs challenged this reinterpretation, not simply because the rulemaking was procedurally defective – although it certainly was – but more importantly, to *stop* Defendants from treating Plaintiffs' commonly owned firearms as criminal contraband.  To that end, Plaintiffs sought, *inter alia*, "an injunction prohibiting Defendants … from enforcing the Final Rule *or from taking any action inconsistent with the rescission of the Final Rule*."  Compl. for Decl. & Inj. Relief, ECF No. 1, Prayer for Relief ¶ 13 (emphasis added).  Without a reversion to the pre-Rule interpretive status quo, wherein their firearms are not considered felony contraband by the federal government, Plaintiffs' relief is incomplete.

Of course, Plaintiffs were not the only ones to challenge the Rule.  Defendants' "attack … [on] the Second Amendment"[2] triggered several lawsuits across the country.  And in one case filed in the Northern District of Texas, a district court universally vacated the Rule while this case was pending, concluding that the Rule "was arbitrary and capricious and was not a logical outgrowth of the Proposed Rule" under the Administrative Procedure Act ("APA").  *Mock v. Garland*, 2024 U.S. Dist. LEXIS 105230, at *18 (N.D. Tex. June 13, 2024).  The *Mock* vacatur now forms the basis of the parties' current disagreement.

Citing the Rule's vacatur in that other court, Defendants have moved to dismiss this case on mootness grounds.  Specifically, Defendants posit that, without the Rule in effect, there is "no longer any effective relief that this Court can grant to plaintiffs," and so "[t]his case is therefore moot...."  Defendants' Motion to Dismiss ("MTD"), ECF No. 102 at 1.  Thus, Defendants claim, it does not matter that they are continuing to "enforc[e] the 'legal theories' 'underlying' the Rule"

---

[2] Ex. 1, Russell T. Vought, Dir. of Off. of Mgmt. & Budget, *Major Discretionary Funding Changes*, at 19 (May 2, 2025), https://www.whitehouse.gov/wp-content/uploads/2025/05/Fiscal-Year-2026-Discretionary-Budget-Request.pdf    [https://web.archive.org/web/20250502161205/https://www.whitehouse.gov/wp-content/uploads/2025/05/Fiscal-Year-2026-Discretionary-Budget-Request.pdf].

in its absence.  *Id.* at 4.  Indeed, despite having plenty of opportunity to distance themselves from the Rule's legal theories, Defendants have not done so, instead theorizing that "[t]here is simply no harm *attributable to the now-defunct Rule* that plaintiffs can establish."  *Id.* (emphasis added). And, because Plaintiffs purportedly "brought this case under the APA" only, and "[t]he only agency action challenged in this case was the Rule," Defendants believe this "case should proceed no further."  *Id.* at 4, 5.

But Plaintiffs did not bring some ethereal challenge to some abstract rulemaking promulgated by ATF.  Nor did Plaintiffs bring *only* an APA challenge, or challenge *only* the Rule itself.  Plaintiffs also brought many – *mostly* – constitutional claims, and a challenge pursuant to the Declaratory Judgment Act, further requesting injunctive relief that would prevent Defendants from enforcing the NFA's regulations with respect to pistols with stabilizing braces.  *See* Compl. for Decl. & Inj. Relief, ECF No. 1 at 6, 131.  At its core, this case involves Defendants' very real attempt to rewrite the statutory text to cover tens of millions of firearms that previously were unregulated under the NFA.  And because Defendants' actions demonstrate that they are still attempting to achieve that result through the use of the same legal theories as before, this case is not moot.

**LEGAL STANDARD**

"'The doctrine of mootness arises from Article III of the Constitution, which provides federal courts with jurisdiction over a matter only if there is a live case or controversy.  As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.'"  *Tucker v. Gaddis*, 40 F.4th 289, 292 (5th Cir. 2022) (cleaned up) (quoting *Dierlam v. Trump*, 977 F.3d 471, 476-77 (5th Cir. 2020)).  "If an intervening event renders the court unable to grant the litigant any effectual relief whatever, the case is moot.  But even when the primary relief

sought is no longer available, being able to imagine an alternative form of relief is all that's required to keep a case alive." *Dierlam*, 977 F.3d at 476-77 (5th Cir. 2020) (internal quotations omitted). Thus, "[w]hen conducting a mootness analysis, a court must not 'confuse[] mootness with the merits.'" *Id.* at 477 (alternation in original) (quoting *Chafin v. Chafin*, 568 U.S. 165, 174 (2013)).

## ARGUMENT

**I.      DEFENDANTS HAVE CIRCUMVENTED THE RULE'S VACATUR AND CONTINUED ENFORCEMENT OF THE NFA AGAINST OWNERS OF BRACED PISTOLS.**

Defendants claim that "the Rule's vacatur provided plaintiffs with all the relief that this Court could have provided," and so "this case is moot...." MTD at 4, 5. But that is hardly the case. Because the Rule was vacated only on procedural grounds, Defendants apparently consider themselves free to apply the Rule's substantive standards against gun owners – if not by name, then in spirit. And apply it they have.

Consider Defendants' recent actions, both in other cases and in contact with Plaintiffs. In the District of Columbia, the Government charged a man with possessing a short-barreled rifle in violation of the NFA's registration requirements. *See* Ex. 2, Superseding Indictment, *United States v. Taranto*, No. 1:23-cr-00229-CJN (D.D.C. Feb. 14, 2024), ECF No. 45 at 2. But the firearm in question was no rifle. Rather, it was a handgun equipped with a pistol stabilizing brace. *See* Ex. 3, ATF Report of Technical Examination, *United States v. Taranto*, No. 1:23-cr-00229-CJN (D.D.C. Sept. 6, 2024), ECF No. 77-1 at 1. Nevertheless claiming this braced pistol constituted a rifle even after the Rule's vacatur, the Government theorized that, so long as it invoked "exclusively … the statute's plain terms" in classifying the weapon, then "no part of th[e] prosecution" would rest on the Rule. Ex. 4, Government's Opposition to Defendant's Motion to

Dismiss Count One of the Indictment ("Taranto Opp."), *United States v. Taranto*, No. 1:23-cr-00229-CJN (D.D.C. July 25, 2024), ECF No. 73 at 15, 16; *see also id.* at 16 ("[T]he government has not cited, mentioned, or relied on the ATF's 2023 rule in prosecuting the defendant."). And as Defendants argued, no "court … has held the rule is an *incorrect interpretation* of the statute. All the courts' holdings turn on purported defects with the rulemaking." *Id.* at 16 n.1 (emphasis added). Translation? Defendants believe they may continue to enforce the substance of the Rule, by simply referring to the statute instead of the Rule.

So, the Government ended up relying on the *same* sorts of factors listed in the vacated Rule, even though the statute mentions none of them. Thus, whereas the Rule had called for an analysis of the "eye relief" of the weapon's sights, the Taranto prosecution argued that the weapon's sights belonged to a rifle. *Compare* Rule at 6575, *with* Taranto Opp. at 12. Whereas the Rule called for an analysis of the weapon's "length of pull," the Taranto prosecution likewise argued the weapon's length of pull fell within rifle range. *Compare* Rule at 6575, *with* Taranto Opp. at 12. And whereas the Rule called for an analysis of any rearward attachments providing surface area to shoulder the weapon, the Taranto prosecution compared the weapon's brace to known rifle stocks. *Compare* Rule at 6575, *with* Taranto Opp. at 11. Unsurprisingly, the Government openly admitted that it had analyzed "similar factors as those discussed in the rule," because it continues to believe that "the rule reflects ATF's best understanding of the underlying statutory text...." Taranto Opp. at 16; *see also id.* at 2-3 (arguing that the Rule's four-month grace period gave sufficient notice to Mr. Taranto that his pistol, a CZ Scorpion with a stabilizing brace, would be subject to the NFA).[3]

---

[3] *See also* Ex. 5, *NFA Prosecution Shows ATF Still Determined to Imprison Americans for Braced Pistols*, NRA-ILA (Feb. 10, 2025), https://www.nraila.org/articles/20250210/nfa-prosecution-shows-atf-still-determined-to-imprison-americans-for-braced-pistols [https://web.archive.org/web/20250215113212/https://www.nraila.org/articles/20250210/nfa-prosecution-shows-atf-still-determined-to-imprison-americans-for-braced-pistols].

Justifying this interpretive sleight of hand, the Government claimed that it "is not currently enforcing the rule. But it is also true that the government was never enforcing the rule in the relevant sense, because (as explained) the government has all along understood the rule to have no legal effect." Taranto Opp. at 18. Thus, the Government maintained that Defendant "ATF is not barred from continuing to enforce the underlying statute … [a]nd of course, because the rule reflects ATF's best understanding of the statute, those determinations will naturally tend to look substantially like the determinations that would follow from applying [the Rule]." *Id.* at 18. In other words, the Government enforced the Rule despite its vacatur, simply relabeling its *regulatory* analysis a *statutory* one.

Taking an even harsher post-vacatur stance against a member of Plaintiff Gun Owners of America in December 2024, Defendant ATF claimed that "[f]ederal law *requires* a pistol with an attached stabilizing brace or stock be registered as a short barreled rifle" – no exceptions, apparently. Plaintiffs' Status Report, ECF No. 99-1 at 1 (emphasis added). Even so, ATF represented that it was "complying with the Court's order" because a pistol with an attached stabilizing brace still "meets the statutory definition of a short-barreled rifled contained in the NFA." *Id.* at 1, 2. This position, too, was a claimed "enforcement of statutory provisions," and not the Rule, even though it applied identical logic and reached identical results. *Id.* at 1.

Of course, Defendants' continued enforcement of the Rule's legal theories, despite their disclaimer of the Rule itself, likely stems from the fact that the *Mock* court never *enjoined* Defendants from enforcing the Rule. *See Mock,* 2024 U.S. Dist. LEXIS 105230, at *18 ("[C]ourts presume that the federal government will comply with its rulings.").[4] Because Defendants have

---

[4] Underscoring Plaintiffs' harms absent injunctive relief, Fifth Circuit Judge Willett "suspect[ed] that the Final Rule would likely fail constitutional muster." *Mock v. Garland*, 75 F.4th 563, 588 (5th Cir. 2023) (Willett, J., concurring). While he agreed that "at this early stage … the majority's

taken the cutesy position that they may enforce the legal theories contained in the Rule in spite of its vacatur, Plaintiffs need the security of an injunction that prohibits Defendants from enforcing their statutory rewrite.  Without an injunction, it will be business as usual for ATF – as if the *Mock* vacatur never happened.

## II.    PLAINTIFFS' COMPLAINT EASILY REFUTES DEFENDANTS' MOOTNESS ARGUMENT.

Defendants claim that "this Court has no jurisdiction" to enjoin use of the Rule's underlying legal theories, because "plaintiffs brought this case under the APA," and there is no longer an "agency action" to challenge.  MTD at 4.  But this argument fails three times over.

First, Plaintiffs did not bring this case *only* under the APA.  In fact, out of the 11 total causes of action Plaintiffs brought, only *five* raise APA claims.  The lion's share challenged the constitutionality of Defendants' action.  *See* Compl. for Decl. & Inj. Relief, ECF No. 1 ¶¶ 465-540 (arguing violations of the Second Amendment, Fifth Amendment, and Congress's taxing power under the Constitution).

Second, Plaintiffs sought relief specifically from "any action inconsistent with the rescission of the Final Rule."  Compl. for Decl. & Inj. Relief, ECF No. 1, Prayer for Relief ¶13.  In other words, Plaintiffs sought to preempt Defendants from doing precisely what they are continuing to do here – enforcing the Rule's legal theories.

Third, Plaintiffs did not challenge *only* the Rule.  Plaintiffs also sought relief from the "chief law enforcement officer notification requirement contained in 27 C.F.R. § 479.62(c)," *id.*, Prayer for Relief ¶ 12, separate and apart from any underlying challenge to the Rule itself.  Defendants ignore these provisions, which clearly establish that this case is not moot.

---

APA analysis [wa]s enough," he warned that "the constitutional questions may soon return."  *Id.* That day has come.

III.   **FIFTH CIRCUIT PRECEDENT FORECLOSES DEFENDANTS' MOOTNESS ARGUMENT.**

Finally, Defendants dispute that "this Court can still enjoin ATF from enforcing the 'legal theories' 'underlying' the Rule," on the theory that some regulatory articulation of those theories must remain in order for Plaintiffs to be able to challenge them. MTD at 4. But the law is that "a challenge to an agency regulation is necessarily a challenge to the underlying statute as well." *Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 378 (5th Cir. 2022). Indeed, the Fifth Circuit has squarely rejected Defendants' mootness theory, and this Court should deny their motion on this ground alone.

In *Franciscan Alliance,* the Government argued on appeal "that the district court erred in granting relief beyond the scope of Franciscan Alliance's complaint because the complaint only sought relief from the 2016 Rule – not from Section 1557 more broadly." *Franciscan Alliance,* 47 F.4th at 377. The Fifth Circuit rejected this argument out of hand, finding that it "relie[d] on a false dichotomy." *Id.* at 378. Indeed, the Government "implicitly argue[d] that a lawsuit challenging a regulation and a lawsuit challenging the underlying statute are different. But as the Court recently noted in *FEC v. Cruz*, a challenge to an agency regulation is necessarily a challenge to the underlying statute as well." *Id.* (citing *FEC v. Cruz*, 596 U.S. 289 (2022)). The same is true here. Ultimately, Plaintiffs seek a determination that "stabilizing braces, when installed on a pistol, do not turn such firearms into short-barreled rifles" regulated under the NFA. Compl. for Decl. & Inj. Relief, ECF No. 1 ¶ 9.

Indeed, as the Fifth Circuit made clear, "an agency literally has no power to act – including under its regulations – unless and until Congress authorizes it to do so by statute." *Franciscan Alliance*, 47 F.4th at 378 (quotations omitted). Thus, the Government's argument "rested on the faulty premise that the plaintiffs were 'suing' a regulation." *Id.* But a challenge to a regulation is

actually a challenge to "'*one* Government action that causes … harm: the [Government's] threatened enforcement of the [statute], *through* its implementing regulation.'" *Id.* (alterations in original). The Fifth Circuit therefore rejected the notion that "plaintiffs who sued challenging the agency's regulation had no standing to seek injunctive relief against enforcement of the statute." *Id.*

Undaunted by *Cruz* and *Franciscan Alliance*, Defendants regurgitate the very same arguments again. But they are no more compelling this time around. Defendants argue that "this Court can provide no effectual relief to parties" because "Plaintiffs seek only prospective relief from" the now-vacated Rule.[5] MTD at 4-5. But instead of seizing this opportunity to disavow the legal theories underlying the now-vacated Rule, Defendants merely recite that Plaintiffs raised that point. *See id.* at 4. Thus, without a permanent injunction, the risk to Plaintiffs caused by Defendants' enforcement of its flawed legal theories remains. *See Franciscan Alliance*, 47 F.4th at 376 ("HHS has also repeatedly refused to disavow enforcement against Franciscan Alliance.").

Nor are the Government's counterarguments in *Franciscan Alliance* availing. In that case, the Government cited to *N.Y. State Rifle & Pistol Ass'n v. City of New York*, "where the Supreme Court declined to consider a damages claim that wasn't requested in the complaint" and was "not raised until well into the litigation" at the Supreme Court. *Franciscan Alliance*, 47 F.4th at 378. However, the Fifth Circuit distinguished that case, explaining that "Franciscan Alliance sought a permanent injunction in its complaint" and therefore the "essential form of relief sought has not

---

[5] The Government apparently does not believe that vacatur is even authorized by Section 706 of the APA. *See* Ex. 6, Transcript of Oral Argument at 35-38, *United States v. Texas*, No. 22-58 (U.S. Nov. 29, 2022), https://www.supremecourt.gov/oral_arguments/argument_transcripts/2022/22-58_4fc4.pdf [https://web.archive.org/web/20221202040434/https://www.supremecourt.gov/oral_arguments/argument_transcripts/2022/22-58_4fc4.pdf]. *But see Data Mktg. P'ship, LP v. DOL*, 45 F.4th 846, 859 (5th Cir. 2022) ("The default rule is that vacatur is the appropriate remedy.").

changed." *Id.* The Fifth Circuit also noted that, "even if … Franciscan Alliance's complaint did not seek relief against [statutory] enforcement, Rule 54(c) allows district courts to grant 'relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.'" *Id.* (quoting Fed. R. Civ. P. 54(c)). Thus, it did not matter that "the district court already [had] vacated the parts of the rule that violated the APA, and [that] the 2020 Rule rescinded the 2016 Rule." *Id.* at 374.

Finally, the Fifth Circuit made clear that "the burden rests with the defendant to demonstrate 'that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" *Franciscan Alliance*, 47 F.4th at 376 (quoting *Freedom from Religion Found. v. Abbott*, 955 F.3d 417, 425 (5th Cir. 2020)). And in that case, the Government continued to warn "covered entities like Franciscan Alliance that refusing to offer gender-reassignment surgeries violates [the statute]." *Id.* Here, too, Defendants not only have failed to *stop* the challenged conduct, but also they continue to claim the ability to enforce the statute against Plaintiffs in the very same way articulated in the Rule.

The reasoning in *Cruz* and *Franciscan Alliance* applies with equal force here. All of an agency's authority flows from its governing statute. If an agency chooses to enforce a statute a certain way, that interpretation is challengeable, irrespective of whether a subordinate regulation codifies that interpretation. And where, like here, the agency continues with its interpretation despite vacatur of the regulation, the case is not moot. Plaintiffs challenged the legal theories underlying the Rule, because it is the enforcement of those legal theories that cause them harm. And that challenge remains with or without the Rule in place.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be dismissed.

Respectfully submitted,

Dated: February 23, 2026

**Ken Paxton**

Attorney General of Texas

/s/ Stephen D. Stamboulieh
**Stephen D. Stamboulieh**
Mississippi Bar No. 102784
Southern District of Texas No. 3554925

Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us

*Counsel for Plaintiffs Brady Brown, Gun Owners of America, Inc., and Gun Owners Foundation*

**Brent Webster**
First Assistant Attorney General

**Ralph Molina**
Deputy First Assistant Attorney General

**Ryan D. Walters**
Deputy Attorney General for Legal Strategy

**Ryan G. Kercher**
Chief, Special Litigation Division

**Christina Cella**
Special Counsel, Legal Strategy Division
Texas Bar No. 24106199
Southern District of Texas No. 3355870
Christina.Cella@oag.texas.gov

**Brian Keith Ingram**
Special Counsel, Special Litigation Division
Texas State Bar No. 00787746
Southern District of Texas No. 196534
Keith.Ingram@oag.texas.gov

/s/ Brian B. Tung
**Brian B. Tung**
Assistant Attorney General, Special
Litigation Division
Texas State Bar No. 24145179
Southern District of Texas No. 3937738
Brian.Tung@oag.texas.gov

OFFICE OF THE
ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2100

*Counsel for Plaintiff State of Texas*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on February 23, 2026, a true and correct copy of the above and foregoing document was filed and served electronically via CM/ECF.

*/s/ Stephen D. Stamboulieh*
**Stephen D. Stamboulieh**