**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*, <br><br> *Defendants*. | Civil Action No. 6:23-cv-00013 |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Plaintiffs brought this case three years ago to challenge and obtain prospective relief from the *Factoring Criteria for Firearms With Attached "Stabilizing Braces,"* 88 Fed. Reg. 6478 (Jan. 31, 2023) ("Rule"). When another court's universal vacatur of that Rule became final in the middle of last year, this case became moot. It should now be dismissed as such, for reasons explained in defendants' motion to dismiss, *see* Defs.' MTD ("Mot."), ECF No. 102.

Though plaintiffs oppose dismissal on mootness grounds, *see* Pls.' Resp. in Opp. to Defs.' MTD, ECF No. 104, they offer no persuasive reason this Court should resolve this case differently. Plaintiffs appear to accept that the Court can no longer grant them meaningful relief in relation to the Rule, which has already been formally nullified and revoked through universal vacatur. *See* Mot. at 3–4 (citing *U.S. Navy SEALs 1–26 v. Biden*, 72 F.4th 666, 672 (5th Cir. 2023); *Data Mktg. Partnership v. DOL*, 45 F.4th 846, 859 (5th Cir. 2022)). Nor do they suggest that their claims survive under an exception to mootness. Instead, plaintiffs principally contend that this case remains alive because, in their view, this Court can still enjoin ATF from enforcing the "legal theories" that supported the Rule when it existed—namely, that at least some pistols equipped with stabilizing braces are short-barreled

1

rifles under the NFA and the GCA. *See* Opp. at 3, 7–10. But defendants have already explained that, because plaintiffs' claims all sound in the APA, this Court has no jurisdiction to opine on or grant relief from any legal theories divorced from an existing final agency action. *See* Mot. at 4. Plaintiffs' contrary arguments should not persuade the Court otherwise.

*First*, plaintiffs insist that this Court's jurisdiction is unaffected by the APA's limitations because they have challenged the Rule separate and apart from the APA, citing six causes of action that challenge the Rule's constitutionality. *See* Opp. at 7 (citing Compl. for Decl. & Inj. Relief ("Compl.") ¶¶ 465–540, ECF No. 1). But plaintiffs point to no other source of authority other than the APA that supplies them with a private right of action to assert those constitutional claims. *See* Compl. ¶ 2 (citing 5 U.S.C. §§ 702, 706); *see also* 5 U.S.C. § 702 (creating a private right of action for "[a] person suffering legal wrong because of agency action"); *id.* § 706(2)(B) (permitting a court to "hold unlawful and set aside agency action" when "contrary to constitutional right, power, privilege, or immunity").[1] So, absent another private right of action, plaintiffs must have asserted their constitutional claims under the APA, unless plaintiffs wish to concede that they lack a cognizable right to assert those claims. *See Harris Cty. v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015) ("To raise a claim in federal court, plaintiffs must demonstrate" that they "have a right of action to initiate that claim."); *see also Alexander v. Trump*, 753 F. App'x 201, 206 (5th Cir. 2018) (dismissing claims challenging an agency action that were asserted "direct[ly]" under the Constitution); *Ketcham v. U.S. Nat'l Park Serv.*, 2016 WL 4268346, at *1–2 (D. Wyo. Mar. 29, 2016) (rejecting the notion that a plaintiff can assert a "stand-alone constitutional challenge" to an agency action separate from APA).

---

[1] While plaintiffs' complaint also cites 28 U.S.C. § 1331 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, neither provides them with a private right of action. *See Walker v. Wormuth*, 2024 WL 4708981, at *2 n.1 (5th Cir. Nov. 7, 2024) (per curiam) ("Section 1331 does not create an independent private right of action. Instead, when seeking review of an agency action, the APA is a vehicle for federal question jurisdiction." (cleaned up)); *Braidwood Mgmt., Inc. v. EEOC*, 70 F.4th 914, 932 (5th Cir. 2023) ("The Declaratory Judgment Act is remedial," it does not "provide an independent cause of action.").

*Second*, given that plaintiffs assert only APA claims, plaintiffs misrely on *Franciscan Alliance, Inc. v. Becerra*, 47 F.4th 368 (5th Cir. 2022), in arguing that this Court can still resolve the propriety of an agency's statutory interpretation apart from an existing final agency action. *See* Opp. 8–10 (an agency's statutory "interpretation" is "challengeable[] irrespective" of any discrete agency action). In that case, the plaintiffs had challenged a rule that the Department of Health and Human Services ("HHS") promulgated under Section 1557 of the Affordable Care Act under the APA and the Religious Freedom Restoration Act ("RFRA"). *Franciscan All., Inc. v. Becerra*, 553 F. Supp. 3d 361, 365–66 (N.D. Tex. 2021). Initially, the district court universally vacated the challenged rule, finding that it violated both the APA and RFRA, but did not enter injunctive relief. *Id.* at 366. The plaintiffs appealed the denial of injunctive relief, and while their appeal was pending, significant legal changes occurred that were relevant to their claims, including that HHS issued guidance for the enforcement of Section 1557 that was, in the district court's view, "materially indistinguishable" from the rule that it had universally vacated. *Id.* at 366–67, 373. So, the Fifth Circuit remanded the case back to the district court so that it could consider whether a permanent injunction preventing enforcement of HHS's statutory interpretation was warranted. *Id.* at 367. And on remand, after the plaintiffs requested such an injunction *based solely on their RFRA claim*, the district entered such relief *based solely on that RFRA claim*, *id.* at 370–78. The Fifth Circuit then affirmed that relief, mindful that it "did not reach beyond the scope of" the plaintiffs' "RFRA claim." *Franciscan All.*, 47 F.4th at 379 n.61. All that's to say, the district court in *Franciscan Alliance*, unlike the Court here, was not constrained by the APA's limitations when it enjoined HHS from enforcing its statutory interpretation years after it had universally vacated the challenged rule. *Franciscan Alliance* thus lends no support to plaintiffs' notion that an abstract dispute about legal theories can keep an APA case alive without an existing final agency action at issue.

Plaintiffs' other arguments are equally unpersuasive:

Plaintiffs claim that they requested relief directly against the enforcement of these legal

theories—*i.e.*, an injunction "that would prevent Defendants from enforcing the NFA's regulations with respect to pistols with stabilizing braces." *See* Opp. at 3. But even if that would be relevant to the question of whether plaintiffs' APA challenge is moot, *but see supra*, no such request appears anywhere in plaintiffs' complaint. Nor can one seriously be implied from plaintiffs' vague request that defendants be enjoined "from enforcing the Final Rule or from taking any action inconsistent with the rescission of the Final Rule." *See* Compl. at 126; *contra* Opp. at 7.[2]

Plaintiffs also make much of the fact that defendants continue to enforce the NFA's and the GCA's regulation of short-barreled rifles against some brace-equipped pistols, even though the Rule has been universally vacated. But that should come as no surprise, as that is consistent with how defendants have always explained how things work if a court vacated the Rule or enjoined its enforcement. *See, e.g.*, Defs.' Comb. Opp. to Pls.' MSJ and Cross-MSJ at 53 ECF No. 88 ("[E]ven if this Court were to enjoin the Rule's enforcement, that would not change Brown's or any other GOA member's statutory obligations."); *id.* at 54 ("[T]he Rule imposes no criminal sanctions; any penalties for possessing an unregistered short-barreled rifle flow from the NFA. So enjoining the Rule's enforcement would not immunize Brown or any other GOA member from those penalties."). At any rate, that defendants continue to enforce certain statutory requirements and prohibitions that they have been delegated the authority and responsibility to administer is irrelevant to whether plaintiffs' APA challenge to the now-defunct Rule is moot.

Finally, plaintiffs point out that they also sought a declaration that 27 C.F.R. § 479.62(c)'s "chief law enforcement officer notification requirement" is facially unlawful. *See* Opp. at 7 (citing Compl. at 126). But that request is unmoored from any cause of action contained in plaintiffs complaint, and thus cannot keep any of plaintiffs' claims, much less this entire case, alive.

---

[2] And of course, plaintiffs cannot amend their complaint to include additional requests for relief through briefing on defendants' motion to dismiss. *See Abelenda v. SSA*, 2026 WL 622722, at *3 (S.D. Tex. Mar. 5, 2026).

## CONCLUSION

The Court should dismiss this case as moot.

Dated: March 16, 2026                    Respectfully submitted,

                                         BRETT A. SHUMATE
                                         Assistant Attorney General
                                         Civil Division

                                         ANDREW I. WARDEN
                                         Assistant Branch Director

                                         */s/ Jody D. Lowenstein*
                                         JODY D. LOWENSTEIN
                                         MT Bar No. 55816869
                                         TAYLOR PITZ
                                         CA Bar No. 332080
                                         Trial Attorneys
                                         U.S. Department of Justice
                                         Civil Division, Federal Programs Branch
                                         1100 L Street NW
                                         Washington, DC 20005
                                         Phone: (202) 598-9280
                                         Email: jody.d.lowenstein@usdoj.gov

                                         *Attorneys for Defendants*

## CERTIFICATE OF WORD COUNT

I certify that the foregoing document is 1,394 words, excluding the portions excepted by Local Rule 18(c).

## CERTIFICATE OF SERVICE

On March 16, 2026, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice