United States District Court
Southern District of Texas
ENTERED
October 13, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **STATE OF TEXAS, GUN OWNERS OF AMERICA, INC., GUN OWNERS FOUNDATION and BRADY BROWN,** | § | |
| **Plaintiffs,** | § | |
| **VS.** | § | **Civil Case No. 6:23-CV-00013** |
| **BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, U.S. DEPARTMENT OF JUSTICE and STEVEN M DETTELBACH,** | § | |
| **Defendants.** | § | |

**ORDER**

Before resolving Defendants' Motion to Dismiss, (Dkt. No. 102), the Court requests supplemental briefing concerning several developments that may affect whether this action continues to present a live case or controversy under Article III.

First, amendments to the National Firearms Act ("NFA") reduced certain making and transfer taxes to zero, effective January 1, 2026. Second, on August 5, 2026, the Northern District of Texas issued a decision in *Silencer Shop Foundation v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 6:25-CV-00056, 2026 WL 2255460 (N.D. Tex. Aug. 5, 2026), addressing the constitutionality of certain NFA requirements and enjoining their enforcement against specified parties. Third, on October 9, 2026, the Bureau of Alcohol, Tobacco, Firearms and Explosives announced a nationwide enforcement policy concerning certain NFA requirements.

In light of these developments, the Court **ORDERS** the Parties to file supplemental briefs addressing:

1. Whether, and to what extent, these developments affect the justiciability of Plaintiffs' claims, identifying each pleaded claim and requested remedy, if any, that remains live;

2. Whether any Plaintiff in this action falls within the protection of the injunction entered in *Silencer Shop*, and the scope and effect of any such protection;

3. Whether Plaintiffs had standing to assert any remaining claims when this action commenced, whether they continue to present a live controversy, and how the October 9, 2026, enforcement policy affects mootness, including under the voluntary-cessation doctrine; and

4. Whether amended or supplemental pleadings, or additional jurisdictional evidence, are necessary to resolve issues of standing, mootness, or any of the other issues identified above.

The Parties shall file their supplemental briefs, not to exceed **12 pages each, no later than October 26, 2026**. Each side may file a response, not to exceed **5 pages, no later than November 2, 2026**. The Court does not request briefing on the merits of any constitutional claim at this time.

It is SO ORDERED.

Signed on October 12, 2026.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**