**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, *et al.*,<br><br>*Defendants*. | Civil Action No. 6:23-cv-00013 |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants submit this supplemental brief in response to the Court's order, ECF No. 114, directing them to address the following questions:

**(1) Does Congress's zeroing out of the National Firearms Act's ("NFA") making and transfer taxes for certain classes of firearms, the permanent injunction in *Silencer Shop Foundation v. ATF*, No. 6:25-cv-56 (N.D. Tex.), or ATF's nationwide nonenforcement policy for certain NFA regulations "affect the justiciability" of plaintiffs' claims?**

None of the legal developments that the Court cites changes the fact that this case has been moot for over a year. As defendants' pending motion to dismiss explains, plaintiffs filed this lawsuit nearly four years ago to challenge a rule, *Factoring Criteria for Firearms With Attached "Stabilizing Braces,"* 88 Fed. Reg. 6478 (Jan. 31, 2023), that has already been universally vacated, and thus there is nothing left for the Court to do in this case besides dismiss it. *See* Defs.' MTD at 3–5, ECF No. 102; Reply ISO Defs.' MTD at 1–4, ECF No. 105. Indeed, this is the *only* challenge to the rule that remains; *all* other existing challenges were dismissed after the rule's vacatur. *See Britto v. ATF*, No. 2:23-cv-19 (N.D. Tex.), ECF No. 80; *Colon v. ATF*, No. 8:23-cv-223 (M.D. Fla.), ECF No. 80; *Firearms Regul. Account. Coal.. v. Garland*, No. 1:23-cv-24 (D.N.D. 2023), ECF No. 144; *Miller v. Garland*, No. 1:23-cv-

195 (E.D. Va.), ECF No. 52; *Nat'l Rifle Ass'n v. ATF*, No. 3:23-cv-1471 (N.D. Tex.), ECF No. 54; *Second Amend. Found. v. ATF*, No. 3:21-cv-116 (N.D. Tex.), ECF No. 129; *Tex. Gun Rts. v. ATF*, No. 4:23-cv-578 (N.D. Tex.), ECF No. 52; *Watterson v. ATF*, No. 4:23-cv-80 (E.D. Tex.), ECF No. 75.

**(2) Does the *Silencer Shop* injunction protect any of the plaintiffs in this case and, if so, how so?**

The *Silencer Shop* injunction covers all four plaintiffs in this case. The State of Texas, Gun Owners of America ("GOA"), and Gun Owners Foundation ("GOF")—three of the four plaintiffs—are also plaintiffs in *Silencer Shop*, *see* Compl. ¶¶ 9–10, 16, *Silencer Shop Found. v. ATF*, No. 6:25-cv-56 (N.D. Tex. Aug. 8, 2025), ECF No. 15, and have obtained permanent injunctive relief in that case for themselves and others, *see* Final Judgment at 1, *Silencer Shop Found. v. ATF*, No. 6:25-cv-56 (N.D. Tex. Aug. 5, 2026), ECF No. 137. The *Silencer Shop* injunction enjoins the federal government from enforcing against plaintiffs and others certain NFA provisions insofar as they regulate short-barreled rifles or shotguns, suppressors, or the "any other weapons" class of firearms. *See id.* The injunction protects Texas (including its "agencies" and "political subdivisions") as a governmental entity that acquires and possesses its own NFA firearms. *Id.*; *see also* Defs.' Resp. to State Pls.' Mot. to Clarify the Court's Perm. Inj., *Silencer Shop Found. v. ATF*, No. 6:25-cv-56 (N.D. Tex. Oct. 12, 2026), ECF No. 147 (explaining how the *Silencer Shop* injunction applies to the plaintiff states). The injunction also protects GOA's and GOF's members, *see* Final Judgment at 1, like Brady Brown, the fourth plaintiff in this case and a GOA member, *see* Compl. for Decl. & Inj. Relief ¶ 4, ECF No. 1.

**(3) Did plaintiffs have standing to assert "any remaining claims" when this case began and, if so, do any of those claims continue to present a live controversy, and how, if at all, does ATF's nationwide nonenforcement policy "affect[] mootness, including under the voluntary-cessation doctrine"?**

As defendants have explained, *see* Defs.' MTD at 3–5; Reply ISO Defs.' MTD at 1–4, none of plaintiffs' claims presents a live controversy, regardless of whether any plaintiff had standing to assert those claims when this case began, *but see* Defs.' Comb. Opp. to Pls.' MSJ & Cross-MSJ at 51 n.31, 54

n.33, ECF No. 88 (explaining why Texas and GOF lack standing). And because all of plaintiffs' claims are moot based on the simple fact that they challenge a nonexistent rule, *see* Defs.' MTD at 3, ATF's nationwide nonenforcement policy does not affect the mootness of those claims.

**(4) Are additional pleadings or "jurisdictional evidence" "necessary to resolve issues of standing, mootness," or any other justiciability issues?**

The Court has all it needs to dismiss as moot this nearly-four-year-old Administrative Procedure Act challenge to an extinct rule, *see* Defs.' MTD at 3–5; Reply ISO Defs.' MTD at 1–4, and no additional pleadings or evidence would be capable of breathing new life into plaintiffs' claims.

* * *

Dated: October 26, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
MT Bar No. 55816869
TAYLOR PITZ
CA Bar No. 332080
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF WORD COUNT

I certify that the foregoing document is 738 words, excluding the portions excepted by Local Rule 18(c).

## CERTIFICATE OF SERVICE

On October 26, 2026, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice